# Wetumpka Bridge Co. *et al. v.* Kidd, Extx. &c.

## *Bill to Compel Transfer of Stock.*

1. *Stock in incorporated company; is for purposes of levy the property of him in whose name it stands.*—Where a bill in equity is filed to compel a transfer of the stock of an incorporated company which has been sold under execution and purchased by complainant, it is not incumbent on complainant to negative notice on her part of respondent's claims to the stock—he being other than the party in whose name the stock stands on the books of the company. This is defensive matter. For the purposes of the levy and sale the party in whose name the stock stands and who is defendant in execution was the owner of the shares of stock. His title passed to complainant by the sale, and she as the present owner thereof is entitled to have the shares stand in her name on the company's stock books. Code, § 1265.

2. Averment of levy on stock; involves averment of notice to *custodian of.*—The giving of notice of his action by the officer executing the writ to the custodian of the book of transfer is by statute, Code, § 1265, made an essential part of the levy itself, and an averment of the fact of levy made by the bill involves the averment that such notice was given.

3. *Bill to compel transfer of stock; what are necessary averments in.*—Under the statute it is only necessary for a bill, brought to compel transfer of stock, to aver that the stock is registered in the name of the defendant in execution at the time of the levy. This averment puts him in the attitude of being the

true owner, and if he is not the true owner it is for the defendant to traverse the averment.

4. *Same.*—Where a bill is brought to compel a transfer of stock of an incorporated company, sold under execution and bought by complainant, it is not bad for failing to negative the registration of respondent's claims to the stock on the transfer books.

APPEAL from Montgomery Chancery Court.

Heard before Hon. W. L. PARKS.

The bill in this case alleges: That appellee is executrix of the will of Tulane; that on the 12th of March, 1898, she and Bates, executors of the same estate, commenced suit by attachment against Buyck; that said attachment was levied by the sheriff upon the stock of appellant, a corporation, standing on the books in the name of Buyck; that appellee and Bates, as executors, recovered a judgment against Buyck; that execution was issued and levied upon certain described stock in appellant as the property of Buyck, being the same stock upon which the attachment was levied; that said stock was advertised by the sheriff and sold March 13, 1899, and was purchased by appellee; that the sheriff executed a deed to her therefor, a copy of which she attaches; that appellee has applied to appellant to have the stock transferred to her upon the books of the company, but appellant has refused because said stock is claimed by Josiah Morris & Co., composed of F. M. Billing; that the said Morris & Co., F. M. Billing, J. P. Kohn and S. Roman "claim some interest in said stock, but oratrix avers that their right, whatever it may be, is subordinate to the right of oratrix thereto, and that oratrix has the right to have the same transferred upon the books of said corporation to her name as executrix;" that said Bates is enjoined by the chancery court from acting as executor.

She makes the Wetumpka Bridge Co., Josiah Morris & Co., Billing, Kohn, Roman and Buyck parties defendant, and prays that the stock be transferred to her, and that certificate therefor be issued to her as executrix, and that dividends be paid her.

Morris & Co., Billing, Kohn and Roman, together, and Wetumpka Bridge Co., separately, demurred. The grounds of demurrer were: That the complainant has

a plain, complete and adequate remedy at law. That it is not alleged that complainant purchased the stock without notice of the interest of these defendants therein. It does not appear that complainant has any right to have the stock transferred, but only to have the proper officer register the transfer made by the sheriff, and she alleges no facts to show that Buyck, to whose interest she succeeded, was entitled to demand a transfer from said company. It does not appear that the sheriff gave any notice of said levy to the custodian of said books. The bill seeks to divest the interest of these defendants in said stock and sets forth no facts showing that the interest of defendants is not superior to the right acquired by complainant by said purchase, and complainant does not offer to do equity. For aught that appears in the bill the question of superiority as between complainant and defendants is a matter which defendants have a right to be settled in a court of law. It is not alleged that the interest of these defendants in said stock was not registered upon the books of the company prior to the levy.

WATTS, TROY & CAFFEY, for appellants, cited, to show the insufficiency of the allegations of the bill, the following authorities: *McKinley v. Irvine*, 13 Ala. 693; *Goldsby v. Goldsby*, 67 Ala. 562; *Reese v. McCurdy*, 25 So. Rep. 919; *Smith v. Gilmer*, 93 Ala. 226; *Birmingham v. Bank*, 99 Ala. 379; *Nabring v. Bank*, 58 Ala. 208.

GUNTER & GUNTER, *contra*.—There is no adequate remedy at law.—2 Thompson on Corp., 2425; 2 Cook on Stock, 3 ed., § 579.

McCLELLAN, C. J.—The assignment of demurrer that complainant has a plain, complete and adequate remedy at law is not insisted upon by counsel for appellant, and will not be considered here.

It was not incumbent upon the complainant to negative notice on her part of respondent's claims to the stock standing on the books of the bridge company in the name of Buyck. This is defensive matter. On the averments of the bill Buyck, for the purposes of the

levy and sale, was the owner of the shares of stock. His title passed to the complainant by the sale, and she as the present owner thereof is entitled to have the shares stand in her name on the company's stock books.—Code, § 1265. This means only that she has a right to have the stock registered as belonging to her, and this in substance is the prayer of her bill.

The giving of notice of his action by the officer execut ing the writ to the custodian of the books of transfer is by statute made an essential part of the levy itself (Code, 1265), and the averment of the fact of levy made by the bill involves the averment that such notice was given.

Under the statute it was only necessary for the bill to aver that the stock was registered in the name of Buyck at the time of the levy. This averment for the purposes of the case as now presented, puts him in the attitude of being the true owner in the estimation of the statute.—*White v. Rankin*, 90 Ala. 541; *Winter v. Montgomery Gas Light Co.*, 89 Ala. 544. And if he was not the true owner, it is for the defendant to traverse this averment of the bill, and show that another was the owner or had a prior lien and that complainant had notice thereof. This bill is not bad for failing to negative the registration of respondent's claims to the stock on the transfer books.

The decree overruling the demurrer to the bill is affirmed.

Affirmed.