(89 South. 705)

E. A. BRADFORD UNDERTAKING CO. et al. v. KING.   (6 Div. 266.)

(Supreme Court of Alabama.   June 2, 1921.)

1. Corporations ⬡133—Bill to compel transfer of stock on books of corporation sufficient as against demurrer.

Where a bill seeks to compel the transfer of stock on the books of a corporation and issuance to complainant of a certificate to which the complainant, on the averments of the bill, is shown to be entitled, it is good as against a demurrer based on the objection that there is no equity in the bill.

2. Corporations ⬡133—Delay of three years and one month held not unreasonable delay in bringing suit to compel transfer of stock on corporate books.

Three years and one month *held* not unreasonable delay in the bringing of a suit to compel transfer of stock on corporate books and the issuance of a certificate therefor.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Jere C. King against the E. A. Bradford Undertaking Company, a corporation, and the officers thereof, for mandamus to compel the transfer of certain stock on the books of the corporation to the complainant and to issue certificates therefor. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The case as made by the bill is that the E. A. Bradford Undertaking Company is a corporation with a capital stock of 100 shares with a par value of $50 each; that 90 shares were owned by E. A. Bradford, 6 shares by C. L. Proctor, and 4 by L. V. Bradford; and that the parties named constituted the board of directors and officers of said corporation; that E. A. Bradford owed complainant the sum of $65 evidenced by a promissory note, which sum with interest thereon Bradford refused to pay, whereupon complainant sued

said Bradford and recovered judgment thereon on the 15th day of June, 1913, together with the cost thereof, and the judgment not being paid, execution was issued and levied upon 90 shares of the capital stock together with all of the interest of W. A. Bradford in and to the said E. A. Bradford Undertaking Company. Due and proper notice was given as required by law, the sale of said stock and interest was had, as required by law, at which sale complainant became the highest, best, and last bidder, paid for the same, and received a bill of sale for said shares, and the same was recorded in the office of the judge of probate of Jefferson county. The bill then recites the various efforts made by complainant to have the shares of stock transferred to him on the books of the company and have certificates issued to him, all of which have been steadfastly refused. The bill also alleges that the said E. A. Bradford dominates the corporation, still claims to own said 90 shares, votes them, and that the other named directors and officers are in collusion with the said E. A. Bradford to prevent complainant from obtaining the transfer of said shares or participating in the business of the corporation or receiving any of the profits or dividends derived therefrom. The bill alleges that the sale and transfer of said stock took place on July 16, 1917, and the bill is filed on August 19, 1920.

Erle Pettus, of Birmingham, for appellants.

The demurrer was proper to test the equity of the bill. Section 2131, Code 1907; 178 Ala. 268, 59 South. 567; 21 C. J. 434. The bill shows that complainant was guilty of laches. 21 C. J. 435. The bill shows only a conversion of the stock, and complainant has an adequate remedy at law. Section 3051, Code 1907; 141 Ala. 664, 37 South. 922; 137 Ala. 298, 34 South. 394; 185 Ala. 129, 64 South. 300, Ann. Cas. 1916C, 654.

Wood & Pritchard, of Birmingham, for appellee.

The demurrer goes to matters of substance only. 178 Ala. 268, 59 South. 567. The bill contained equity. 24 Ala. 242; 204 Ala. 445, 85 South. 779; 103 Ala. 275, 15 South. 562. The question of laches was not raised. 21 Cyc. 437.

McCLELLAN, J. [1, 2] Appeal from a decree overruling demurrer taking the sole objection that there is no equity in the bill. The bill possessed equity in the aspect that it seeks the transfer and issuance to complainant of stock in the corporation to which the complainant, on the averments of the bill, is shown to be entitled. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567; Wetumpka Bridge Co. v. Kidd, 124 Ala. 242,

27 South. 431. It may be doubtful whether the objection that the bill does not contain equity is sufficient to raise any question of laches. See Solomon v. Solomon, 81 Ala. 505, 1 South. 82. In any event, no unreasonable delay appears from the averments of this bill to defeat the complainant's right to relief, the bill being filed in three years and one month after complainant purchased the stock interest of defendant in execution.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.