# Jones *v.* Massey.

*Creditor's Bill in Equity to set aside Fraudulent Convey-
ances.*

1. *When creditor without lien may come into equity to set aside fraudu-
lent conveyance.*—By statutory provision (Code, §§ 3886), a creditor with-
out a lien, or by simple contract only, may file a bill in equity to subject
to the payment of his debt property which his debtor has fraudulently
transferred, or attempted to transfer; but he can not file such a bill be-
fore the maturity of his debt, though he might sue out an attachment
at law.

2. *Allegations of creditor's bill; certainty and definiteness.*—In a cred-
itor's bill, seeking to set aside a conveyance by his debtor on the ground
of fraud, the facts constituting the alleged fraud must be stated, and it
is not sufficient to allege, in general terms, that the debtor has fraudu-
lently transferred, or attempted fraudulently to transfer his property,
with the intent and purpose to defraud complainant and his other cred-
itors.

APPEAL from the Chancery Court of Coosa.

Heard before the Hon. S. K. McSpadden.

The bill in this case was filed on the 2d January, 1886, by E.
V. Jones, against Alfred J. Massey; and sought to set aside
conveyances of his property by said Massey, alleged to have
been made with the intent to defraud the complainant and
other creditors. The complainant's debt, according to the alle-
gations of the bill, was evidenced by the defendant's promis-
sory note for $85, dated December 1st, 1885, and payable on
the 1st March, 1886. The bill alleged, that said Massey was a
partner in the firm of Bazemore Brothers & Co.; that said
partnership had lately failed, and all its property had been at-
tached at the suit of creditors, to which suits Massey was a
party, and was liable for all the debts of the partnership; and
then followed these allegations: "Orator charges and avers,
that said Massey was and is the owner of property, real and
personal, in his own name and right, at the time of the making
of said note, which was and is liable to the satisfaction of your
orator's said debt; and that said Massey, since the failure of
said Bazemore Brothers & Co., has fraudulently transferred, or
attempted to transfer fraudulently, the property owned by him,
both real and personal, which is liable to satisfy his debt, with
the purpose and intent to defraud your orator and his other
creditors; and your orator further charges and avers that the
parties to whom said conveyances have been made, knew of, and

[Jones v. Massey.]

participated in said intent and purpose of said Massey; but your orator can not state to whom said conveyances have been made, or attempted to be made, as the same are now unknown to your orator; and he can not state the terms and conditions of said conveyances, or whether the same are in writing or not. Your orator charges and avers, that said Massey has fraudulently transferred, or attempted to fraudulently transfer and convey, two lots in the town of Rockford in said county, on which is a blacksmith and wood-shop, now occupied or rented by Woolf & Johnson, who claim no interest therein except as tenants for the present year. Your orator can not describe said lots by their division and bounds according to the survey of said town of Rockford, and he can not now state to whom said conveyances have been made; but he avers that said party or parties know of, and participated in the intent and purpose of said Massey to defraud his creditors." On these allegations, the bill prayed that an account be taken to ascertain the amount due to the complainant on his said debt; that, on final hearing, said two lots in Rockford, and all other property fraudulently transferred by said Massey, or attempted to be fraudulently transferred by him, be condemned to the payment of complainant's debt; and for other and further relief, under the general prayer.

The chancellor sustained a demurrer to the bill, on the grounds (with others), that the complainant's debt was not due when the bill was filed, and that the bill only charged fraud as a legal conclusion, without stating any facts which show an intentional fraud. The decree sustaining the demurrer, and dismissing the bill, is now assigned as error.

L. E. PARSONS, Jr., for appellant.

WATTS & SON, contra.

CLOPTON, J.—The bill is filed under section 3886 of the Code, which authorizes a creditor without a lien to file a bill in chancery, to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed, by his debtor. The purpose and operation of the statute are to dispense with the necessity of obtaining a judgment at law, thereby establishing the justness of the demand, and to confer on a creditor without a lien the rights of a judgment creditor, so far as a judgment was essential to the jurisdiction of the court. The statute does not exempt such suit from the general rule, which prevails in equity as well as at law, that no suit can be maintained before a cause of action has accrued; and does not confer on a creditor the right

to bring a bill to subject property to the payment of his debt, before its maturity, and before he is authorized to maintain an action at law on the demand.    The bill having been filed before the maturity of the debt, it was prematurely brought.    The remedy, in such case, if the creditor deems a lien essential, is an attachment at law, where he is required to make affidavit and give bond to indemnify the debtor, if the attachment is wrongfully or vexatiously sued out.

The bill is also defective, in failing to allege the facts, from which the fraud is supposed to arise.    A general averment of fraud, which is a conclusion of law from facts, without stating the facts, is not sufficient.    The bill does not allege or exhibit any conveyance made, or attempted to be made; but only makes the general averment, that the debtor was fraudulently transferred, or attempted to fraudulently transfer his property, with the purpose and intent to defraud complainant and his other creditors.    A decree can not be made on such averment. *Flewellen v. Crane*, 58 Ala. 627.

Affirmed.