[Freider v. Lienkauff & Strauss.]

# Freider *v.* Lienkauff & Strauss.

*Bill in Equity by Creditor, to set aside Fraudulent Convey-ance.*

| 92 | 469 |
| 91 | 212 |

| 92 | 469 |
| 93 | 131 |
| 93 | 196 |

| 92 | 469 |
| 96 | 428 |

| 92 | 469 |
| 113 | 386 |
| 113 | 597 |

| 92 | 469 |
| 128 | 889 |

1.  *When creditor without lien may come into equity to set aside fraudu-lent conveyance.*—A creditor without a lien, or by simple contract only, can not maintain a bill in equity to set aside a fraudulent convey-ance by his debtor (Code, § 3544), until the maturity of his debt; nor can he obtain relief as to the debt not due, by joining with it a debt past due.

APPEAL from the Chancery Court of Tuscaloosa.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellees, against the appellants, and sought to have certain lands, alleged to have been fraudulently conveyed by the defendant Freider to the defendant Louisa Sander, set aside as fraudulent, and sub-jected to the payment of plaintiffs' demand. The facts as to the creation of the debt sought to be collected and in reference to the alleged fraudulent conveyance of the property are suffi-ciently stated in the opinion. In addition to the averments of the bill, as shown in the opinion, the bill further averred that "when the first note fell due, the plaintiffs demanded payment of the same from said Freider, and also at the same time offered to discount their said second note for $600.00 to him on the most liberal terms, which the said Freider accepted, and from time to time made them repeated promises to pay them the first note and take up the second one, which prom-ises said Freider never intended to fulfill." The respondents moved to dismiss the bill on the ground that it contained no ·equity, and also demurred to the bill on the grounds that there was no equity in it; that the plaintiffs had a full and adequate remedy at law; that the debt which plaintiffs attempted to collect was not due at the time of the filing of said bill; that the bill seeks to subject property to the pay-ment of the $600 note, which was not due at the time of the filing of said bill; and that the bill charges fraud as a legal conclusion, without alleging any facts which show any inten-tional fraud. Upon the submission of the cause on the mo-tion and the demurrers, the chancellor overruled the motion ·and each of the demurrers. This appeal is prosecuted by the

respondent, and the interlocutory decree of the chancellor is assigned as error.

WILLIAM C. FITTS, for appellant.—The chancellor should have sustained the demurrers, because (1) the bill can not be maintained because the plaintiffs therein seek to subject property to the payment of their debt before its maturity, and be-fore they are authorized to maintain an action at law.—*Jones v. Massie*, 79 Ala. 370; *Matthews v. Mobile Ins. Co.*, 75 Ala. 85; *Heyer v. Bromberg*, 74 Ala. 529; *Fulgham v. Morris*, 75 Ala. 245; *McLean v. Presly*, 56 Ala. 201; *Stow v. Bozeman*, 29 Ala. 398. (2.) The bill only charges fraud as a legal conclusion, without stating facts to show intentional fraud. *Flewellen v. Crane*, 58 Ala. 627.

FOSTER & JONES, and CARL GANTZHORN, *contra.*—1. The chancellor did not err in overruling the demurrers because the bill shows on its face that, while the note for $600 was not due originally until 24 months after date, it had become due before the filing of this bill by the special agreement of the parties and parties to a contract may, at their pleasure, alter, modify or rescind it, and a new consideration is not necessary, the agreement being supported by their mutual assent. *Robertson v. Bullock*, 66 Ala. 548; *Hickson v. Hetherington*, 57 Ala. 165; *Rutledge v. Townsend*, 38 Ala. 706; *Young v. Fuller*, 29 Ala. 464. 2. The maturity of one of the notes gives the court jurisdiction, as the complainants might, at their option, have maintained an action at law before filing a bill like the present to enforce the payment of both.—*Ruse v. Bromberg*, 88 Ala. 619; *Wooldridge v. Holmes*, 78 Ala. 568; *Zelnicker v. Bingham*, 74 Ala. 598. 3. A court of equity once having jurisdiction of a subject matter, will retain and settle the whole controversy, and deal with the relations between the parties at the existence of the suit relative to the matter in controversy arising out of it during its progress. *Hooper v. Railroad Co.*, 69 Ala. 529; *Ware v. Russell*, 70 Ala. 174; *Price v. Carney*, 75 Ala. 546. 4. The facts alleged are sufficient to support the bill, and are framed in the proper form.—*Miller v. Lehman*, 87 Ala. 517; *Lienkauff v. Frenkel*, 79 Ala. 136; *Lehman v. Meyer*, 67 Ala. 396; *Matthews v. Ins. Co.*, 75 Ala. 85.

McCLELLAN, J.—The present bill is filed under section 3544 of the Code, and seeks to subject to complainants' demands certain lands alleged to have been fraudulently conveyed by the debtor, William Freider, to Louisa Sander. The

[Freider v. Lienkauff & Strauss.]

facts as to the debt sought to be collected are, that Frieder, on February 2, 1889, purchased certain property from one Black, and in payment thereof executed two promissory notes, one for $170 due and payable twelve months after date, that is on February 2, 1890, and the other for $600 due and payable twenty-four months after date, that is on February 2, 1891. These notes were transferred by Black to complainants, for value and without recourse, on October 4, 1889. The bill was filed, it appears, on July 29, 1890, after the maturity of the first, and before the maturity of the second note, alleges fraud in the conveyance to Louisa Sander, the existence at the time thereof of the debts evidenced by these notes, prays that an account be taken to ascertain the amount of the debt due "complainants upon the two promissory notes aforesaid," that the deed from Frieder to Sander be set aside, &c., and the land attempted to be conveyed thereby be decreed to be sold for the payment of said debt.

We infer from the argument of counsel that the chancellor held the allegations of the bill, that on February 2, 1890, complainants "offered to discount their said second note of $600 on the most liberal terms, which the said Frieder accepted," to be insufficient to show that the date of maturity of that note had been changed to the time of said proposition; and we quite agree with him. This averment is entirely too vague to show any contract fixing another time for the payment of the note. The statement involves nothing looking to such purpose, and nothing definite upon which the minds of the parties could have met for any purpose.—*Adams v. Adams*, 26 Ala. 272. Moreover, the *acceptance* of a proposition to discount a note involves its *payment*. This note was not paid. Hence it is that the averments on this point may be said to be self-contradictory.

It appears, therefore, that the bill seeks a decree and order of sale, not only for the $170, which was due, but also for the $600 note, which was not due when the bill was filed, and is not yet due. It is the settled construction of the statute under which the bill proceeds, that "it does not exempt such suit from the general rule, which prevails in equity, as well as at law, that no suit can be maintained before a cause of action has accrued, and does not confer on a creditor the right to bring a bill to subject property to the payment of his debt before its maturity, and before he is authorized to maintain an action at law on the demand."—*Jones v. Massey*, 79 Ala. 370; *Bragg v. Patterson*, 85 Ala. 233.

The demurrer presents the question whether a complainant may proceed under this section for a debt which is not due,

by joining his demand in that regard cumulatively with another debt, which has matured. Confessedly no suit, at law or in equity, could be maintained upon the debt which has not matured, considered without reference to the past due obligation. Confessedly, also, the mere fact, in the absence of stipulations to that effect, that a party has a matured claim, upon which he may sue, does not authorize him to proceed upon another claim which is not due, and as to which, therefore, the debtor is not in default. And it is not conceivable that the bare election of such party to join the two in one action can confer a previously non-existing right to sue at all, or under any circumstances—save by attachment in exceptional cases—upon the debt which the other party is under no obligation to pay at the time at which the action seeks to coerce payment. The action of the chancellor in overruling this demurrer appears to have proceeded, and is attempted to be sustained here, on the principle that when a court of equity has jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue, in connection with the fact that jurisdiction had attached to enforce the payment of the past due note by a sale of the land alleged to have been fraudulently conveyed. This principle of equity jurisprudence is familiar, and thoroughly established.—1 Pom. Eq. Jur., §§ 181, 231–242; 2 Story Eq., § 794; and is fully recognized by this court.—*Stow v. Bozeman*, 29 Ala. 397; *Scruggs v. Driver*, 31 Ala. 274; *Stewart v. Stewart*, 31 Ala. 207; *Hooper v. S. & M. R. R. Co.*, 69 Ala. 529; *Ware v. Russell*, 70 Ala. 174; *Price v. Corney*, 75 Ala. 546. But it can have no application here. The doctrine presupposes a right existing in some forum to do, or have done, with respect to these incidental, dependent or consequential matters, which of and in themselves lie beyond the line of equity jurisdiction, the thing which the chancery court may do because of their connection with a matter of equitable cognizance which is before the court. Its meaning is, that where some feature of a controversy, or some relief with respect to the subject-matter of a controversy, is equitable in its nature, and other features of the controversy or rights in respect of its subject-matter are of a legal character and capable of adjustment in courts of law, the chancery court, having by appropriate averment acquired jurisdiction of the equitable matter, will not only grant relief as to that, but will settle the whole controversy, adjudge all the rights of the parties in the premises, whether legal or equitable, and decree whatever relief the parties are entitled to either at law or in equity. But it has never been supposed, and it can not be true that be-

cause the court of chancery acquires jurisdiction to adjudge and decree and grant relief with respect to an equitable right of parties before it, it may grant any relief, whether legal or equitable, to which the parties *are not* entitled in any court. It is of no moment whatever that a right to the relief sought will probably, or even certainly, accrue in the future. It does not exist now; and it is only with presently existing rights that courts can deal. Moreover, the right here claimed with respect to the second note may never exist at all, for *non constat* it will be paid at maturity. But however that may be, neither the chancery nor any other court can now compel its payment, or sequester property for its payment—except by attachment as we have said—any more than that or any other court could enforce the payment of money for which there is no semblance of legal or equitable liability.

The decree in this regard can find no support in the supposed legal fact, that the filing of the bill created a lien on the property, and the assumption that the court, having jurisdiction to enforce the lien as to the past due note, has the power to preserve the property and keep the lien in tact for the satisfaction of the note to become due, by analogy to foreclosure and the like, where a part of the debt is due and a part not. The fundamental infirmity of this position is, that while the filing of a bill of this sort creates a lien on the fraudulently conveyed property for the satisfaction of the debt for which a right thus to proceed existed, no lien arises as to a debt as to which the complainant was without right to file this bill. No lien existed as to the $600 note; and the sole predicate for the relief claimed in argument on this theory is wholly lacking. In no aspect can the court's jurisdiction to enforce payment of the note yet to mature be maintained. The third ground of the additional demurrer filed August 29, 1890, is addressed to this point. It should have been sustained, and the complainant put to an amendment eliminating all claims to relief based on the note for $600 due February 2, 1891.

The allegations of the bill sufficiently set forth the facts constituting the fraud complained of.—*Stix & Co. v. Keith,* 85 Ala. 465; *Miller v. Lehman, Durr & Co.,* 87 Ala. 517.

For the error committed in overruling the demurrer presenting the question of complainants' right to proceed on the note not due when the bill was filed, the decree of the chancellor must be reversed. The cause is remanded.