# McDuffie, *et al. v.* Lynchburg Shoe Co., *et al.*

*Bill by Creditors Without a Lien to Subject Property Fraudulently Conveyed.*

(Decided June 29, 1912. 59 South. 567.)

1. *Fraudulent Conveyances; Creditors; Nature of Claim.*—Section 3739, Code 1907, while authorizing creditors without a lien to file a bill to subject to the payment of their debt property of the debtor fraudulently conveyed, or attempted to be conveyed, does not authorize creditors to file a bill before the maturity of their debt.

2. *Same; Action to Set Aside; Bill; Sufficiency.*—A bill filed under section 3739, Code 1907, alleging that respondents became indebted to complainant and owed the debts specified in the bill, while defective as not alleging that the debts were due, was defective in form only, and on general demurrer will be regarded as amended in that respect.

3. *Equity; General Demurrer; Nature and Office.*—Since the adoption of Code of 1907, the general demurrer in equity tests the equity of the bill just as a motion to dismiss for want of equity formerly did, but goes only to defects in substance; defects in form being considered as amended unless objected to specifically and pointed out with reasonable certainty and directness.

4. *Pleadings; General Allegation; Owe.*—The allegation that a debt is owing is not the equivalent of an allegation that it is due and unpaid, since one may owe a debt which he is obligated or bound to pay, but which may be at the time immature.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by the Lynchburg Shoe Company and others as creditors without a lien against P. B. McDuffie, Sr., and others, to set aside a conveyance as fraudulent and to subject it to the payment of their debt. From a decree overruling demurrers to the bill respondent appeals. Affirmed.

W. L. PARKS, for appellant. The office of a general demurrer now is to test the equity of a bill, and raises all want of substantive averment.—*Callahan v. Monroe Co.*, 56 Ala. 303; 62 N. J. E. 663; 62 N. J. E. 354; *Hooper v. S. & N. R. R. Co.*, 69 Ala. 533. The bill was subject to the general demurrer because the complainants were simple contract creditors, and the bill fails to show that their debts were due and unpaid.—*Jones v. Massey*, 79 Ala. 370; *Freider v. Lienkauf, et al.*, 92 Ala. 469. The allegation that the debt was owing is not the equivalent of an allegation that it was due and unpaid.—*Musselman v. Fries*, 84 Ind. 248; *Fairchild v. Kind*, 102 Cal. 320.

PACE & CHAPMAN, for appellee. The bill was good against the general demurrer filed since on general demurrer all defects of form are considered as amended. Sims. Ch. Pr. sec. 403; *Hayes v. Short,* 88 Ala. 562; *Bell v. Montgomery L. Co.,* 103 Ala. 275; *Pate v. Hinson,* 104 Ala. 599. The failure of respondent to point out by demurrer the fact that the bill did not allege that said debts were due and unpaid, renders the authority cited by appellant without application.

SAYRE, J.—This bill was filed by several creditors of the appellants under section 3739 of Code, which authorizes creditors without a lien to file a bill in chancery to subject to the payment of their debts any property which has been fraudulently transferred or conveyed, or attempted to be fraudulently transferred or conveyed by their debtor. The statute does not authorize a creditor to maintain a bill before the maturity of his debt.—*Jones v. Massey,* 79 Ala. 370; *Freider v. Leinkauff,* 92 Ala. 469, 8 South. 758.

The averment of the amended bill is that prior to the date of the conveyances attacked, a date prior to the filing of the bill, defendants "became indebted to your orators," in amounts which are stated, and that on said date defendants "owed the debts above set forth and owed other debts to various creditors." The chancellor overruled a general demurrer, and the point urged on appeal is that there is a failure to aver that complainants' debts were due and unpaid at the time of the filing of the bill.

Since the Code of 1907, the general demurrer, previously prohibited by statute, performs the office of testing the equity of the bill. It goes to the substance of the bill, and defects of form will not be considered under it. Objections to form must be made specially, and

must point out the defect with reasonable certainty and directness. The general demurrer accomplishes the purpose theretofore reached by the motion to dismiss for want of equity. Probably the only purpose of the change was to obviate the rule, which had been established in this court, that only when it appeared from the bill that amendment could be made which would entitle the complainant to relief, as where facts were illy pleaded, would such amendment be considered as made and the motion to dismiss for want of equity denied. However that may be, upon general demurrer, as formerly upon a motion to dismiss for want of equity, defects of form will be considered as amended. —*Singo v. Brainard,* 173 Ala. 64, 55 South. 603.

Averment that a debt is owing is not the complete equivalent of an averment that it is due and unpaid. To say that one owes a debt means simply that he is obliged or bound to pay, and that may be said as well of an immature as of an overdue obligation.—*Musselman v. Wise,* 84 Ind. 248; *Fairchild v. King,* 102 Cal. 320, 36 Pac. 649.

There can be no mistake, however, about the fact that the attempt of the pleader was to exhibit complainants' status as creditors in such sort as to confer upon them authority and right to maintain the bill. That this was done defectively would have been decreed on special demurrer directing the attention of the court to the particular wherein the bill was defective. Such was the case and such the decree in *Jones v. Massey* and *Freider v. Leinkauff, supra.* But it results from the commonly accepted principles of pleading stated above that on general demurrer the court properly considered the bill as amended in the respect under consideration.

Affirmed. All the Justices concur.