# Hamner v. Freeman.

*Bill for an Accounting to Declare Deeds Void and to Fasten a Lien.*

(Decided January 23, 1913. Rehearing denied February 14, 1913. 61 South. 106.)

1. *Homestead; Vacation of Fraudulent Conveyance.*—The right of a debtor to assert a homestead exemption in the land is not affected by the vacation of a conveyance as being in fraud of the debtor's creditors.

2. *Exemptions; Waiver.*—Where the complaining creditor's judgment contains a waiver of exemptions as to personal property, and the machinery on the land was treated by the debtor as personalty, a vacation of a conveyance of the land, including a mill with a boiler, engine, etc., located thereon as being in fraud of complainant's judgment, had the effect of rendering such machinery subject to complainant's claim.

3. *Appeal and Error; Objections; Time; Waiver.*—Where a decree was entered vacating a conveyance as being in fraud of a judgment

[Hamner v. Freeman.]

held by the complainant, an objection that complainant did not prove the assignment of the judgment to him cannot be taken by the debtor where it appears of record that objections were not filed until the conclusion of the chancery term, and after the submission of the cause, and where the note of submission does not show a submission on such objection, and they were not noticed in the decree.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by S. M. Freeman against J. D. Hamner, Sr., and others, to declare certain deeds void, for an accounting, and to declare a lien in favor of complainant upon certain property. Decree for complainant, and respondent named appeals. Corrected and affirmed.

The case made by the bill is that in the year 1907 J. D. Hamner, Sr., was indebted in a large sum to the firm of Sloan & Freeman, composed of orator and E. F. Sloan, and that the firm affairs at that time were in the hands of George A. Searcy as receiver, who in that capacity filed a suit against Hamner on said indebtedness to Sloan & Freeman, and on the 27th day of January, 1908, recovered a judgment against said Hamner in the sum of $1,254.47, together with the costs, said judgment containing waiver of exemptions as to personal property. Execution was issued on the judgment, returned "not satisfied," and on July 15, 1909, a certificate of said judgment was issued and recorded in the probate office of Tuscaloosa county. It is alleged that complainant was the owner of said judgment, and that the same is still due and unpaid. The bill further shows that at the time of the filing of the suit by the receiver Hamner was seised in fee of 263 acres of land which is described by government subdivisions, and that he was also owner of a mill and gin, boiler, and engine located on said land, which is substantially all of the property owned by said Hamner, and that on the 2d day of December, 1907, after the filing of the suit by

[Hamner v. Freeman.]

Searcy as receiver, the said J. D. Hamner, Sr., and his
wife executed two certain deeds reciting a consideration
of $200 in each, whereby they conveyed all of the above-
mentioned land to their two sons, D. W. and J. D.
Hamner. It is alleged that D. W. Hamner is dead, and
has left surviving him a wife, now Mrs. Ida Graham,
and three minor sons, whose names and ages are set
out. It is then alleged that, notwithstanding the con-
sideration expressed in the deed, no money was paid as
an incident or inducement thereto, and that the con-
veyances were voluntary, wholly without consideration,
and made for the purpose of hindering, delaying or de-
frauding the creditors of said J. D. Hamner, Sr. It is
also alleged that, if it be true that the consideration
named was paid, it was grossly inadequate, and that
the property was reasonably worth $2,500. And that
these facts were well known to the parties to the con-
veyances, and that each and all of said parties in making
said conveyances purposed and intended to place the
property beyond the reach of the judgment hertofore
set forth. The bill also alleges that in the making of
the contract there was a private agreement between the
grantors and grantees as a part of the consideration
that the grantors should receive the benefit of the fruits,
increase and use of said property thereafter, and should
have a right to use said homestead after that time.
Answer was interposed denying the allegations of the
bill, and also setting up that a part of the land was a
homestead, and that, therefore, complainants cannot
complain, and the bill sets out the particular sub-
divisions constituting the homestead, and alleges it not
to exceed in area 160 acres and in value $2,000.

JONES & PERSONS, for appellant. Counsel insist that
complainant was not shown to have any legal title to

the judgment rendered in favor of George A. Searcy, receiver, and, therefore, not entitled to recover in this case. They further insist that the evidence was not sufficient to authorize the setting aside of the convey-ance, and that the debtor was entitled to claim his exemptions.—*Kennedy v. First Nat. Bank,* 107 Ala. 170.

P. B. TRAWEEK, for appellee. The conveyance was without question fraudulent and void, and the court properly so decreed.—*Allen v. Caldwell,* 145 Ala. 209; *McKee v. West,* 141 Ala. 532. Nothing like a resulting trust resulted to the sons, as that can arise only when the purchase money is paid at or before the time of the conveyance.—*Haney v. Legg,* 30 South. 35; *Gilbreth v. Farrow,* 147 Ala. 183; 138 U. S. 592; 165 U. S. 352. The judgment was unquestionably a lien on the proper-ty.—54 South. 532; 52 South. 388; Sec. 4157, Code 1907. There are a great many objections that would prevent the claim of exemptions sought to be imposed.—Sec. 4168, et seq., Code 1907; 74 Ala. 460; 13 South. 782. Respondent denied all title to the land, and certainly could not have a homestead thereon.—*Winston v. Hodges,* 102 Ala. 304. The mill, etc., were real estate, and were situated outside of the 160 acres claimed as a homestead, and hence, was not subject to exemptions. —Tiedman on Real Property, sec. 4; *Weir v. Clayton,* 19 Ala. 132. The judgment contained waiver of ex-emptions, and hence, if the machinery be treated as personal property, it would be subject to the judgment.

ANDERSON, J.—We are disposed to agree with the chancellor to the effect that the deeds from the appel-lant to his sons were inoperative, as against this com-plainant, but do not agree that all of the property con-veyed was liable to the complainant's demand. The

undisputed evidence shows that Hamner, Sr., resided on this land, and 160 acres of the same was subject to his claim of homestead exemption. The chancery court, therefore, erred in holding that complainant had a lien upon all of the property. As a general rule, a conveyance of a homestead cannot be fraudulent against creditors, whether the conveyance be to the wife or to a third person, since they have no recourse against it.—*Steiner v Berney,* 130 Ala. 289, 30 South. 570; *Talladega Bank v. Browne,* 128 Ala. 557, 29 South. 552. And, although there are cases which uphold the contrary doctrine, nevertheless, the homestead right, according to the great weight of authority, is not forfeited by such transfer or attempted transfer. There may be a bad motive, but there is no illegal act. A fraudulent conveyance does not enlarge the rights of creditors, but merely leaves them to enforce their rights as if no conveyance had been made.—20 Cyc. 283, 284. When a debtor has conveyed to third persons land, including his homestead interest, to hinder, delay, and defraud his creditors, and such conveyance has been set aside and avoided at the suit of creditors, such debtor then has the same right to assert his homestead exemption against such creditors as he would have had if the conveyance had never been executed by him.—*Kennedy v. First National Bank,* 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; *Id.,* 113 Ala. 283, 21 South. 387, 36 L. R. A. 308; *Yates v. Adams,* 119 Ala. 247, 24 South. 547, 72 Am. St. Rep. 910. The appellant here interposed his exemption claim during the progress of the cause and before there was a decree or order of condemnation, and which was seasonably asserted, and which fact avoids one of the points upon which the court was divided in the *Kennedy Case, supra,* as the claim there did not come until after a decree directing a sale of the land.

The complainant's judgment contained a waiver of exemptions as to personal property, so the engine, boiler, etc., which was treated by the grantor as personal property was not exempt and was subject to the complainant's claim. On the other hand, if a fixture, so as to be a part of the realty, it seems to be located on the part of the land not embraced in the homestead claim.

It is suggested by the appellant that the complainant is not the owner of the Searcy judgment, or, rather, that he did not prove the execution of his assignment of same; and that he objected to same as evidence. The court convened on May the 6th, and the decree recites that the cause was submitted in term time for a decree in vacation. The chancery court term is one week, so the case must have been submitted before the 14th of May, yet the respondent's objections were not filed until the 14th of May, and after the submission of the cause, and this conclusion is borne out by the fact that the note of submission does not affirmatively show a submission on the objections, and from the further fact that they are not noticed in the decree.

The chancery court properly subjected all property, other than the homestead, to the complainant's demand, but erred in disallowing the appellant's homestead exemption claim, and in subjecting all the property to the satisfaction of the said judgment. The decree of the chancery court is corrected so as to exclude the land set out in the exemption claim, and is in other respects affirmed, and the cost of this appeal is taxed against the appellee.

Corrected and affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.