# Baxter v. Ft. Payne Co.

*Bill to Foreclose Mortgage, and for a Receiver.*

(Decided April 10, 1913. Rehearing denied May 10, 1913. 62 South. 42.)

1. *Mortgages; Foreclosure; Debt Secured; Maturity.*—A bill to foreclose a mortgage which alleges that the mortgage provided that on default in payment of the first note complainant was entitled to declare the others due, and that the first note was long past due, and complainant declares all the notes due, is a sufficient allegation that the note first due and payable was past due and unpaid, and that complainant had thereupon exercised his option to declare the

[Baxter v. Ft. Payne Co.]

others past due and unpaid, and that therefore, the bill was not prematurely filed.

2. *Same; Receivers.*—Even if the bill be insufficient to justify the appointment of a receiver, that fact does not affect the court's jurisdiction to entertain the bill as a bill to foreclose, if sufficient for that purpose.

3. *Same; Trustees; Descriptio Personae.*—Where land was conveyed to D., trustee, with nothing to show that there was a trust in fact, or for whom or for what the grantee was trustee, and such person executed a mortgage to his vendor to secure the unpaid purchase price, his vendor was not bound to inquire concerning the trust, but was entitled to treat the word "trustee" as merely descriptio personæ.

4. *Same; Trust; Beneficiaries.*—Where the land was conveyed to D., trustee, without more, and he executed a mortgage to secure the balance of the purchase price, and his vendor had no knowledge of any supposed cestui que trustent, the vendor was not required to make them parties to a bill to foreclose, although they would be proper parties and might be subsequently brought in if disclosed, under rules 106-7, Chancery Practice.

5. *Vendor and Purchaser; Conveyance by Trustee; Notice of Trust.*—Where a trust is created apart from the conveyance to the alleged trustee, the rule does not apply that where a deed is made to a person as trustee, a purchaser from such person is charged with notice of the nature and limitation of the trust, though its nature or the beneficiary is not disclosed; as in the first case it is of no concern to the grantor.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by the Ft. Payne Company against certain persons named therein in which Baxter as trustee in bankruptcy was admitted and defended. From a decree overruling a general demurrer to the bill, Baxter appeals. Affirmed.

C. B. POWELL, for appellant. Counsel discusses the assignments of error, but without citation of authority On rehearing he insists that a foreign corporation who has not complied with sections 3642 and 3644 cannot make a valid and binding contract.—*Alexander v. Ala. Wes. Ry.*, 60 South. 295; *Talley Bates v. Ala. Wes. Ry.*, 162 Ala. 396.

[Baxter v. Ft. Payne Co.]

LUKE P. HUNT, for apellee. The allegation was sufficient as to the first note being past due and unpaid and the exercise of the option to make all notes due, to show that the bill was not prematurely filed, and that the whole debt was due.—10 A. & E. Enc. of Law, 277; 58 Ohio St. 280; 14 Vt. 14; *McDuffie v. Lynchburg S. Co.*, 59 South. 567. A bill on general demurrer will be sustained if it shows facts sufficient to authorize equitable relief whether the facts be well or illy pleaded.— *Woodward v. State*, 173 Ala. 7; *Singo v. Brainard*, 173 Ala. 70.

SAYRE, J.—The Ft. Payne Company filed this bill to foreclose a mortgage to secure purchase money which had been executed by E. C. and Louisa H. Drew, who had afterwards sold the property to the Ft. Payne Fuel & Iron Company, and for a receiver pending foreclosure. The Drews and the Fuel & Iron Company were made parties defendant. J. W. Baxter was afterwards admitted to defend as the trustee in bankruptcy of the Fuel & Iron Company, and he demurred on the single general ground that there was no equity in the bill. This demurrer was overruled, and the trustee in bankruptcy complains of the decree as erroneous for three several reasons which will be noticed.

The averment of the bill is that the purchase-money note first payable, and upon default as to which complainant had reserved the option to declare two others for the balance due and payable, "is long past due, and the complainant declares all of the notes due." If perchance this averment is not a complete equivalent for an averment that the note first payable is past due and unpaid and that thereupon complainant had exercised his option to declare the other two due and payable, on the general demurrer it will be so taken.—*McDuffie v.*

*Lynchburg Shoe Co.,* 178 Ala. 268, 59 South. 567.   It does not appear, therefore, that the bill was prematurely filed.

2. It is insisted in brief for appellant that the bill discloses no sufficient ground for the appointment of a receiver.   It suffices to say, in response to this insistence, that the appointment of a receiver is a mere ancillary remedy sought for the purpose of preserving the property pending the litigation, and that the alleged defects of the bill in that regard have no effect upon the court's jurisdiction to entertain the bill for a foreclosure. The defects, if any, should have been pointed out in the motion for the appointment of a receiver.

3. The facts necessary to be considered in connection with the appellant's further contention are as follows: Complainant, the Ft. Payne Company, a domestic corporation, had sold and conveyed its property to "E. C. Drew, trustee." For whom or what he may have been trustee does not appear, nor is there anything besides the use of the word "trustee" to show that there was a trust in fact.   As a part of the transaction complainant had taken a mortgage to secure, as the mortgage recites, a large balance of unpaid purchase money.   Subsequently "Drew, trustee, conveyed the property to appellant's assignor, the Ft. Payne Fuel & Iron Company, a foreign corporation.   This last-named company is in possession of the property and is operating mines upon it.   The insolvency of Drew and the Fuel & Iron Company is alleged along with other facts intended to show the propriety of and necessity for the appointment of a receiver.   And that seems to have been the purpose, also, of the averment in respect to the non-residence of the Fuel & Iron Company and its failure to comply with the laws of the state requiring foreign corporations to take out a license and designate an agent on whom service

can be had before transacting any business in the state. The argument for the appellant on this state of the bill seems to be that the court must assume that Drew purchased the property and executed the mortgage as trustee for the Fuel & Iron Company, and thereupon hold that the transaction was a nullity because that company had not qualified to do business in the state, thus leaving with complainant an unincumbered legal title and no reason for resorting to equity; or, if the court is not disposed to indulge that presumption, then it must hold that Drew is trustee for other parties undisclosed, and cannot proceed in their absence.

There is no merit in either horn of the proposed dilemma. On the facts averred in the bill, without more, it is not our opinion that anything in regard to the nature of the trust or the identity of the supposed beneficiaries under it ought to be presumed on demurrer, or indeed that there was a trust, or, if there was, that complainant was informed of the fact, or that by the execution of the deed and acceptance of the mortgage it became a party to an attempt to evade the laws of the state; all this for the reason that complainant, who dealt with the individual Drew, had a right to treat the word "trustee," occurring in the deed and mortgage, as mere descriptio personæ, and was under no duty to be concerned about the question whether there was a trust in fact.—2 Jones on Mortgages, § 1397. The fact that Drew saw fit to append, or required that complainant should append, the descriptive term to his name in the deed and mortgage, did not have the effect of making him a trustee for any one. But Drew may have held the property in trust, and the doctrine of notice is that, whenever, facts exist sufficient to put a person of common prudence on inquiry, he is thereby charged with notice of everything to which the inquiry, if prosecuted

with proper diligence, would have led. It is thereupon settled that if a deed is made to a person designated as trustee, although the nature of the trust, or the beneficiary under it, is not disclosed, a purchaser from the person so designated must inquire as to the nature and limitations of the trust.—2 Dev. Deeds (2d Ed.) * 738a. But that is not the situation of this complainant. In making its deed to Drew it was not bound to inquire under what trust Drew would or ought to hold the property. If there was a trust, it was created apart from the deed and was no concern of the grantor's. Complainant did nothing in the way of creating the trust in the land it conveyed, nor did it in any way affect or impair the interest of the cestuis que trust in the land. In taking its mortgage it took security for what was its own, of which the supposed beneficiaries cannot be heard to complain. If there was a trust, it attached to the land after it came into the ownership of complainant's grantee, and the beneficiaries cannot claim the benefit of it without at the same time acknowledging the obligation of the mortgage to secure the purchase money. The supposed beneficiaries are therefore in the position of subsequent incumbrancers taking in subordination to complainant's mortgage. They would be proper parties, and, if known, they may now or hereafter be brought before the court under rules 106 and 107 of chancery practice; but their presence is not necessary to the granting of the relief prayed in complainant's bill.

The only assumption of fact which could bring into the case the question which appellant seeks to raise in respect to his assignor's violation of the statutes of the state made for the regulation of foreign corporations doing business in this state would be that complainant in dealing with Drew was party to a scheme by which Drew and appellant's assignor sought to evade those laws.

Without intimating that there is any merit in appellant's contention on that point (*Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538; 19 Cyc. 1301, 1302), it will be time enough to consider it when it is raised by appropriate averment of facts. We will not, in the absence of averment, presume fraud upon the law.

The demurrer was properly overruled, and the decree will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.