# Zimmern *v.* Williams, *et al.*

## Specific Performance.

(Decided December 17, 1914.   67 South. 277.)

1. *Specific Performance; Bill; Sufficiency.*—A bill alleging that complainants executed a mortgage on certain land to secure an indebtedness, that the mortgage was transferred to respondent, and that as a part of the same transaction, complainants executed to respondent a warranty deed to the land, and respondent entered into

[Zimmern v. Williams, et al.]

a written contract to reconvey upon repayment of the amount with interest and cost of conveyance within two years, granted permission to complainant to remain in possession, that they had remained in possession, that they had made an effort to find out the exact amount due, but were unable to obtain such an amount, and that they had made such a tender as they deemed right, naming the sum tendered, which was declined, stated a cause of action for specific performance of the contract to reconvey.

2. *Same.*—A bill stating a cause of action for specific performance of a contract to convey land, was not rendered demurrable because it included a claim for damages which could not be awarded.

3. *Same; Relief Awarded; Damages.*—Where equity has acquired jurisdiction over the parties upon a bill for specific performance, it will, as an incident to the remedy, award the complainant damages which have been sustained by him by reason of defendant's failure to comply with the terms of the contract, in oroer to do complete equity, yet in a suit for specific performance, the court cannot render a decree in favor of either party for the amount paid out by him for counsel fees, nor for damages sustained by complainant from a loss of the sale of the land on account of defendants' failure to convey as he agreed.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Lucinda Williams and another against Samuel Zimmern for specific performance and damages. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The facts made by the bill are that complainants were in the actual possession of certain lands described, and in February, 1912, became indebted to Webb & McAlpine, and in order to secure said indebtedness of $500 they executed a mortgage upon the property described; that in September, 1912, the indebtedness had been reduced to the sum of $225, and that at that time Webb & McAlpine transferred the mortgage and the indebtedness to Samuel Zimmern, which transfer was written on the original mortgage and recorded; and that orators as a part of the same transaction executed a warranty deed, conveying the property to Samuel Zimmern for a recited consideration of $10, and as a part of the same transaction Zimmern entered into a written con-

tract with orators, the substance of which was that upon the repayment within two years of the amount due, with interest and cost of conveyances, he would reconvey to orators said property, and also granted permission to orators to remain in possession of said property for two years, and they have remained in possession ever since. It is then set up that they made effort to find out the exact amount due, and were unable to obtain same, and made such tender as they deemed right, in the sum of $257.76, which was declined, whereupon they filed their bill.

JESSE F. HOGAN, for appellant.

L. H. & E. W. FAITH, for appellee.

DE GRAFFENRIED, J.—In this case the complainants filed a bill against the defendant, praying for the specific enforcement of a contract for the conveyance of land: This was the true purpose of the bill, but in the bill complainants prayed that they also be decreed damages against the defendant, which they allege they sustained by reason of his refusal, upon their reasonable demand, to make them a deed to the land in accordance with the written agreement. There was a demurrer to the whole bill, upon the ground that it was wanting in equity, and also a demurrer to so much of the bill as sought a decree for damages. The chancellor overruled the demurrer, and the defendant appeals.

(1) 1. Without going into a detailed discussion of the facts set up in the bill, and upon which facts complainants based their prayer for a specific performance of the contract, we say broadly that, if the facts set up in the bill are true, then the complainants are entitled to a specific performance of the contract. The facts set up in the bill call strongly for this particular equit-

[Zimmern v. Williams, et al.]

able relief. The rules which govern courts of equity, in so far as the specific enforcement of contracts of the character of the one under consideration is concerned, have been frequently declared by this court, and are so well known that we need not here repeat them.

(2) 2. If the facts set up in the bill are true, and if, upon a final hearing, the chancellor finds that the parties to the contract are so situated that he can render a decree specially enforcing the contract, then certainly the complainants will not be entitled to a decree for the damages claimed by them in their bill. We know of no rule which authorizes a court of equity, upon a bill filed for specific performance, to render a decree in favor of either of the parties to such bill for the amount paid out by him for the counsel fees paid by him on account of the litigation; neither do we know of any rule which authorizes such a court to enforce the specific performance of a contract for the sale of land, and at the same time award the complainant damages because of a loss of a sale of the land on account of the failure of the defendant to make a conveyance of the land in accordance with his agreement. In some cases, upon a decree for specific performance, a court of equity, having acquired jurisdiction over the parties, will, as an incident to the remedy, award the complainant, in order that complete equity may be done him, damages which have been sustained by him by reason of the failure of the defendant to comply with the terms of the contract.—*Hooper v. Savannah, etc., R. Co.,* 69 Ala. 529. But the damages sought in this bill do not belong to that character of damages which are awarded in such cases. The case of *Hooper v. Savannah, etc., R. Co., supra,* indicates the character of the damages which may be awarded in such cases, and gives the reasons why they are awarded.

[Sherman v. Sherman.]

(3) 3. The bill of complaint, as already stated, contains equity. The mere fact that in the bill there is a claim for damages which cannot be allowed does not render the bill demurrable. "A bill, stating equities which entitle the complainant to relief and praying for proper relief, is not demurrable for the reason that a prayer for further, but unwarranted, relief is conjoined."—*Walshe v. Dwight Mfg. Co.,* 178 Ala. 310, 59 South. 630; *Rosenau v. Powell,* 173 Ala. 123, 55 South. 789; Sims' Chancery Prac. §§ 430, 431.

The decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.