(102 So. 213)

### COOK v. CLARK, DAVIS & CO. et al.
### (2 Div. 856.)

(Supreme Court of Alabama. Dec. 4, 1924.)

**1. Fraudulent conveyances 23—Form of conveyance is immaterial on question of right to avoid for fraud.**

Form of transaction by which property is fraudulently sought to be placed beyond reach of creditors is immaterial; all such transactions being avoided on prayer of creditors.

**2. Fraudulent conveyances 74(3)—Voluntary conveyance is per se fraudulent against existing creditors.**

As against existing creditors, voluntary conveyance is per se fraudulent.

**3. Fraudulent conveyances 263(1)—Bill to set aside assignment of policies of life insurance held to sufficiently allege fraudulent conveyance.**

Bill to set aside assignment of life insurance policies, alleging that insured, while insolvent and near death, with intent to defraud creditors, transferred policies payable to his estate to his sister, who knew of insolvency, for grossly inadequate consideration, by changing beneficiary thereof, sufficiently alleged conveyance in fraud of creditors.

**4. Pleading 34(3)—Not presumed, on demurrer to bill to set aside assignment of policies of life insurance, that assignee had vested interest because of paying premiums.**

In suit to set aside assignment of policies of life insurance as in fraud of creditors of insured, it cannot be presumed on demurrer to bill that defendant had any vested interest in them or proceeds because of paying premiums; such being a matter of defense.

**5. Fraudulent conveyances 312(3) — Fact that proceeds of policies have been paid to beneficiary held not to defeat creditor's bill to set aside assignment.**

In suit by creditors to set aside assignment of policies of life insurance, in which decree for money against defendant was not specifically asked under general prayer for relief, court will enter such decree, not inconsistent with relief specially prayed, as facts warrant, regardless of fact that proceeds of policies have already been paid to defendant.

**6. Fraudulent conveyances 182(5)—Assignee of insurance policy treated as trustee of proceeds for creditors of insured, on proof of fraudulent assignment.**

Assignee of insurance policies will be regarded as trustee of proceeds for benefit of creditors of insured, on proof of fraudulent assignment.

**7. Fraudulent conveyances 255(4)—Insurance companies held not necessary parties to suit to set aside fraudulent assignment of policies.**

In suit to set aside assignment of life insurance policies as in fraud of creditors, where company had paid money secured by policies to transferee of insured, and no relief was prayed against them, their presence as parties was not necessary.

Appeal from Circuit Court, Wilcox County; Joseph H. James, Special Judge.

Creditor's bill by Clark, Davis & Company, a partnership, and the Central Alabama Dry Goods Company, a corporation, against Dannie L. Cook. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

Sam Lee Jones, of Camden, and Craig & Craig, of Selma, for appellant.

Counsel discuss the questions treated, but without citing authorities.

Stevens, McCorvey, McLeod & Goode, of Mobile, Pettus, Fuller & Lapsley, of Selma, and Bonner & Miller, of Camden, for appellees.

Life insurance polices are liable for the satisfaction of the demands of creditors, and complainants have the right to maintain this action. Lehman v. Gunn, 124 Ala. 213, 27 So. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159. If appellant has received the proceeds, she is trustee for the benefit of the creditors of the donor. Fearn v. Ward, 80 Ala. 564, 2 So. 114.

SAYRE, J. By their bill in this cause appellees sought a decree setting aside an assignment of insurance policies on his life by Floyd F. Cook, now deceased, to appellant. The averment, to state the substance of the bill in brief, is that deceased, being insolvent and in the last stages of pulmonary tuberculosis, did, with intent to hinder, delay, or defraud complainants and his other creditors, transfer the two policies in question, both theretofore payable to his estate, to defendant, his sister, who knew of his insolvency, and for a grossly inadequate consideration, or none at all, by changing the beneficiary therein, or otherwise. It is further shown that defendant has collected the amounts named by the policies, and decree against her for the same is prayed.

───────────────────
For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Defendant's demurrer to the bill was over-ruled.

[1-3] The form of the transaction by which property liable to the satisfaction of the demands of creditors is fraudulently sought to be placed beyond their reach is immaterial. All such transactions are avoided on the prayer of creditors. As against existing creditors, a voluntary conveyance is per se fraudulent. The averments of the bill definitely bring the transactions alleged in the bill under the rule of the foregoing principles. Lehman v. Gunn, 124 Ala. 213, 27 So. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159.

[4] It cannot be presumed on demurrer that defendant had any vested interest in these policies or their proceeds by reason, for example, that she had paid premiums. If, by reason of that or any other fact, defendant had an interest in these policies such as put them beyond the reach of creditors, that is matter of defense. To indulge the presumption suggested by defendant would involve more than a construction of the bill against the pleader; it would involve an assumption of an independent fact as to which the bill says nothing, nor affords any ground of inference. The policy is alleged according to what the pleader conceived to be its legal effect, as the rules of pleading allow, and the bill on its face is not open to the objection taken against it.

[5, 6] Nor is the equity of the bill adversely affected by the fact that, as alleged, the proceeds of the policies have already been paid by the insurance companies over to defendant. It is true that complainants do not specifically pray for a money decree against defendant; but relief is awarded according to the facts alleged in the bill, and, the facts being proved as alleged, the court, on the suggestion of complainants at the hearing, will, under the general prayer for relief, enter such decree, not inconsistent with the relief specially prayed, as the facts warrant. Rosenan v. Powell, 173 Ala. 123, 55 So. 789. If, as averred, defendant has received the proceeds of the policies, she will be treated as a trustee for the benefit of the creditors of her donor. Fearn v. Ward, 80 Ala. 564, 2 So. 114.

[7] There is shown no reason why the insurance companies should be made parties defendant. They have paid over the money secured by the policies to the transferee of the insured. No relief is prayed against them; nor is their presence necessary to the settlement of the controversy between complainants and defendant.

The decree overruling the demurrer to the bill must be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.