65 So.2d 486

### HORAN v. HORAN et ux.

2 Div. 309.

Supreme Court of Alabama.

March 13, 1953.

Rehearing Denied May 28, 1953.

Thos. Seay, Marion, for appellant.

Pitts & Pitts, Selma and Mason & Davis, Marion, for appellees.

120

PER CURIAM.

This is an appeal from a decree sustaining demurrers to a bill in equity filed by complainant to secure the enforcement of a decree of the District Court of Nevada, in which a divorce was granted appellant from appellee Earl Campbell Horan and in which, by written agreement of the parties, the court made certain provisions for the maintenance of appellant and her two children. The agreement was attached to the decree, which was ratified and approved by the court, the custody of the children awarded and their support ordered in conformity with the agreement, and both parties were "ordered to carry out and perform all the covenants, conditions and provisions" of the said agreement, and the court reserved jurisdiction relating to the support of the minors. It was dated December 16, 1929. A copy of the decree and the agreement as a part of it were attached as an exhibit to the bill.

The bill alleges that appellee Earl Campbell Horan has not paid the installments due under paragraph "Third" of it, which matured since November 1949, and the amount thereof with interest is due, owing and unpaid. The original bill was filed June 1, 1950. A demurrer to it was sustained September 27, 1951. On October 15, 1951, a substituted bill was filed, to which demurrer was sustained. It is from that decree that this appeal was taken.

There is no question here raised as to the custody or support of the minors but only an effort by complainant to obtain the benefits of the decree favorable to her. The appellee Earl Campbell Horan has married appellee Margaret E. Horan. Appellant resides in New York, and appellees reside in Perry County, Alabama.

In paragraph "D" of the amended bill it is alleged that appellee Earl Campbell Horan, on April 8, 1950, executed a deed conveying to appellee Margaret E. Horan, for a recited consideration of "love and affection which he bears to the party of the second part, his wife, and the further consideration of the sum of ten dollars ($10.00) in hand paid," a certain described piece of real estate in Perry County, Alabama. In paragraph "E," it is alleged that at the time of the conveyance said property was worth, to wit, $15,000; that the conveyance was voluntary; and was the only property known to her out of which she could collect her claim; that Margaret E. Horan had actual or constructive knowledge of the provisions of said decree; that the conveyance to her was made for the purpose of hindering or delaying her in the collection of her debt, and is a fraud upon her and should be set aside; and, further, that appellee Earl Campbell Horan is a retired officer in the United States Army and receives pension and retirement benefits of several hundred dollars per month, which is not subject to process.

Paragraph "Third" of the agreement, approved by the court, provided for payments to be made to appellant by appellee Earl Campbell Horan of $150 per month, subject to change of circumstances there stated, not necessary to specify, except that when both of the children or the survivor of them reach the age of twenty-five years, or die before doing so, the monthly allowance shall be reduced to $75. That amount shall continue to be paid, not subject to increase, until appellant shall remarry. The children have passed the specified age, and appellant has not remarried.

Paragraph "Fourth" of the agreement refers to policies of life insurance with appellant named as beneficiary in the sum of $15,000, of which $10,000 is government insurance. It stipulates that while the agreement is in effect, appellee Earl Campbell Horan shall continue to maintain said policies with appellant as beneficiary, and a failure to maintain said policies consti-

tutes a breach of this agreement. And that appellee Earl Campbell Horan agrees to authorize the United States to deduct from his salary the amount of the premiums on said insurance. Other features of the agreement are not here material. It appears therefore that the monthly installments maturing after November 1949 up to the filing of this bill have not been paid. It furnishes the data by which the aggregate amount due may be computed.

In paragraph "F" of the amended bill it is alleged that appellant has been informed by appellee Earl Campbell Horan that he has changed the beneficiary of said insurance policies, making respondent Margaret E. Horan the beneficiary. Appellant claims a vested right to remain the beneficiary of said policies. It also alleges that it is necessary for appellant to have relief from this court if she is to have specific performance of said agreement in so far as said paragraph "Fourth" of the agreement is concerned. She also avers that she is entitled to a solicitor's fee for services rendered in this cause.

The bill prays for a declaratory judgment as to the insurance policies, that is, whether appellee Earl Campbell Horan should be required to do any and all things necessary to reinstate complainant as beneficiary; whether under the last sentence in paragraph "Fourth" of the agreement the provision for deductions applies to pensions or retirement pay that he may receive as a retired officer; that if he has allowed said insurance to be cancelled whether appellant is entitled to a money decree against him on account of such loss. The bill then prays for a determination of the amount due her on account of said installments, and that the deed to appellee Margaret E. Horan be declared a fraud against her and that she be decreed to hold said property in trust; that a lien be declared on it to secure payment of the amount owing her by appellee Earl Campbell Horan, and for the performance of other duties which may be required of him in this case.

The demurrers were addressed to the bill as amended, and each aspect thereof, separately and severally, and to various specified aspects. The decree sustained the demurrer to the bill of complaint as amended, and allowed her twenty days in which to amend.

Under our theory of a decree in a divorce suit which gives effect to an agreement between the parties as to maintenance and support, the agreement becomes merged into the decree. Adams v. Adams, 229 Ala. 588, 159 So. 80; Russell v. Russell, 247 Ala. 284, 24 So.2d 124; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89, to cite some of the cases. We presume that the court of Nevada which rendered the divorce decree and gave effect to their separation agreement is to the same effect.

There is here involved no effort to modify that decree but to enforce it. The terms of the agreement became to that extent the terms of the decree, as if there had been no agreement. Our interpretation of that decree is as if it had been rendered by a court of equity in this State, in so far as its meaning is concerned. But in this State it is not given the same processes as if it were rendered by our court. That means that as to the installments past due and unpaid, it has reached that stage of finality when it is not subject to change. There could be no defense to it or modification of it to that extent for changed conditions.

The judgment as set out as an exhibit to the bill shows that appellant at the time of filing the bill was a creditor of appellee Earl Campbell Horan by the decree of the Nevada court which was final in every respect; and that a status existed which would increase that indebtedness each month unless it was paid and the decree not modified. We have nothing to do with those installments not then matured. A bill to set aside a conveyance for fraud can only be available to creditors where debts are due at the time the bill is filed. Jones v. Massey, 79 Ala. 370; Freider v. Lienkauff and Straus, 92 Ala. 469, 8 So. 758; Harrison v. Stuart, 219 Ala. 405, 122 So. 623; McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567.

■ The bill shows that some of the installments were due, so that it justifies an application of the principle above stated. Appellant's judgment or decree in the Nevada court does not put her in position of a judgment creditor in this State, seeking relief in equity as such. Saffold v. Wade, 51 Ala. 214; Chattanooga Metal Co. v. Proctor, 226 Ala. 492, 147 So. 666. Although appellant in seeking relief here occupies the status of a simple creditor without a judgment or lien, she is entitled to the remedies available to such a creditor. Green v. Green, 239 Ala. 407, 195 So. 549. Among those remedies is that provided in section 897, Title 7, Code. Dobbs Truss Co. v. Sutherland, 256 Ala. 581, 56 So.2d 638.

■ The deed sought to be set aside in fraud of appellant as a simple creditor was alleged to have been executed after some of appellant's claims had matured and after all of it had a potential existence. So that, appellant stood as an existing creditor of appellee Earl Campbell Horan when he made the deed. The consideration expressed in the deed stamps the transaction as voluntary and as against existing creditors, it is conclusively void. Schwab v. Powers, 228 Ala. 205, 153 So. 423.

The bill makes no allegation with respect to the property being the homestead of Earl Campbell Horan when he deeded it to Margaret E. Horan. If this was the homestead of Earl Campbell Horan and exempt from liability for the debt due appellant, he can and should make claim to that effect, when it can be ascertained and decreed. Hamner v. Freeman, 181 Ala. 109, 61 So. 106; Yates v. Adams, 119 Ala. 243, 24 So. 547; Kennedy v. First National Bank, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308.

Section 625, Title 7, Code, allows an exemption of a homestead from the collection of debts. It does not limit the exemption to debts contracted as did previous statutes and section 205 of the Constitution. But we have held that such difference of expression is not significant. Erlenbach v. Cox, 206 Ala. 298, 89 So. 465.

■ A decree for alimony is not such a debt within the meaning of the statutes as to allow a husband's claim of homestead exemption. Littleton v. Littleton, 224 Ala. 103, 139 So. 335; Ford v. Ford, 201 Ala. 519, 78 So. 873. So that, a homestead exemption is not available against a liability for alimony. It is not significant that the decree fixing the amount of alimony and the other charges results from an agreement. The agreement lost its status as such when it was incorporated in the decree. That aspect of the bill is not therefore subject to demurrer for the failure to allege that the property was not the homestead of Earl Campbell Horan when he deeded it to Margaret E. Horan, nor for other cause here relied on.

■ It is also objected that the bill claims a lien on the property and seeks its enforcement. It is true that appellant is not shown to have had a lien before filing this bill. But by doing so, making allegations of fraud which entitled her to relief, an equitable lien is thereby created so as to enable the court to give full effect to such relief as appellant may have in respect to that property. The principle is stated and the authorities cited in Bishop v. McPherson, 232 Ala. 594, 168 So. 675.

■ In an effort to collect the amount awarded appellant in the Nevada decree, it is not only sought to have the court determine the amount due appellant on account of the past due installments, but also to enter a personal decree against Earl Campbell Horan for said amount. Such a decree is available in a suit by a simple creditor under section 897, Title 7, Code, as incidental relief. Equity Rule 119½, Code 1940, Tit. 7 Appendix. Indeed, such seems to be the practice without such a rule or statute. 37 C.J.S., Fraudulent Conveyances, § 444, p. 1298, note 78, and text. But no effort is here made to have judicial recognition of the duty to pay the installments not then due.

■ Additional relief is sought in respect to insurance policies. Sometimes a court of equity, at the suit of a creditor on account of fraud, will vacate an as-

signment of a policy effected in connection with a change of beneficiary. Cook v. Clark, Davis & Co., 212 Ala. 257, 102 So. 213. But such relief as to those policies of insurance is not here sought.

The Nevada court ordered the performance of the obligations of the "Fourth" paragraph, supra, as a feature of the alimony allowance in it. The bill shows that appellee Earl Campbell Horan has violated that decree. It seeks a declaratory judgment. But it seems to seek a declaration more to give information as to the proper remedy under the circumstances rather than declaratory of rights resulting from an actual controversy as to a justiciable issue. To declare the proper remedy is not the province of such a proceeding. Gambill v. Greenwood, 247 Ala. 149, 22 So.2d 903.

There is no controversy between the parties as to the insurance feature of the decree, which is justiciable. The bill does not seek to have the decree of the Nevada court established in this court of equity and enforced as if originally rendered by an equity court of this State. We do not now, therefore, consider that theory. See on that question: 97 A.L.R. 1197; 109 A. L.R. 653; 132 A.L.R. 1274; Johnson v. Johnson, 196 S.C. 474, 13 S.E.2d 593, 134 A.L.R. 318; 18 A.L.R.2d 867; Sackler v. Sackler, Fla., 47 So.2d 292, 18 A.L.R.2d 856; McDuffie v. McDuffie, 155 Fla. 63, 19 So.2d 511; Fanchier v. Gammill, 148 Miss. 723, 114 So. 813; Johnson v. Johnson, 196 S.C. 474, 13 S.E.2d 593, 134 A.L.R. 318; 17 Am.Jur. 581, 582, section 767.

The bill seeks the allowance of an attorney's fee for services rendered by appellant's attorney in this suit. We have had occasion to consider the circumstances when an attorney's fee will be allowed for representation of the wife in supplementary proceedings following a decree of divorce and for alimony. The rules were stated in Keith v. Paden, 255 Ala. 294, 51 So.2d 9. As here applicable, we noted that an attorney's fee will be allowed in a supplementary proceeding to modify the amount of the allowance. After the divorce, not being husband and wife, any proceeding concerning that relationship will not support a claim for an attorney's fee, Sims v. Sims, 253 Ala. 307, 45 So.2d 25, 15 A.L.R.2d 1246; Torme v. Torme, 251 Ala. 521, 38 So.2d 497; nor will a proceeding to collect the amount allowed by the decree. This suit is not such a proceeding as will support a claim for attorney's fee.

But the bill is not subject to demurrer for making the claim, though it is not justified. Zimmern v. Williams, 190 Ala. 442, 443(3), 67 So. 277. See, Smith v. Witcher, 180 Ala. 102, 60 So. 391.

It results from the foregoing discussion that, in our opinion, the bill has equity and is not subject to demurrer in its aspect which seeks to set aside a fraudulent conveyance at the suit of a simple creditor on account of fraud and to subject to the payment of complainant's debt the property conveyed, and to render a personal judgment against the respondent Earl Campbell Horan for the amount of the unpaid installments which were due at the time of filing the bill. The demurrer to the bill, as we have said, was sustained generally. If one aspect is good, it was improperly sustained. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

The foregoing opinion was prepared by Foster, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and it was adopted by the Court as its opinion.

We think the decree should be reversed and one here rendered overruling the demurrer addressed to the bill as a whole.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and BROWN, SIMPSON and MERRILL, JJ., concur.