64 So.2d 612

**VINSON et al. v. DRIVER.**

7 Div. 186.

Supreme Court of Alabama.
April 23, 1953.

Knox, Jones, Woolf & Merrill, Anniston, for appellants.

Young & Young, Anniston, for appellee.

SIMPSON, Justice.

Appeal from a decree overruling demurrer to a bill for accounting and discovery.

 But one question merits discussion; that is, whether or not in a simple bill for accounting and discovery, where the complainant alleges that he is indebted to respondent in no sum, it is essential, as against appropriate demurrer, for the bill to offer to do equity.

Our cases hold to the affirmative of the question. Such a bill contemplates that if on an accounting the complainant is found to be indebted to respondent in any sum, the complainant ought to be adjudged to pay such amount. Hence, the rule that the bill is demurrable where there are no allegations offering to do equity. Apt demurrer took the point and the decree must accordingly be reversed for the contrary ruling. Young v. Dean, 253 Ala. 211, 44 So.2d 12; Shamblee v. Wilson, 233 Ala. 164, 170 So. 769.

The above principle in no way impinges upon such cases as Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 118 So. 513, and those there cited, which hold to the general effect that an offer to do equity is implied in every bill for accounting and the absence of such averment does not preclude relief. The essence of these and similar holdings is that on a hearing of the evidence, the defendant may have relief without the interposition of a cross-bill, even though there is no offer to do equity in the original bill. But these cases do not import a holding that if appropriate demurrer questions the bill for its failure to offer to do equity, it is not subject to demurrer on that ground.

Nor is the bill relieved from such an allegation under the rule that a bill need not offer to do equity which shows that the complainant is not required to do anything in good conscience as a condition to the granting of relief. Such cases are Head v. Carroll, 230 Ala. 688, 163 So. 328, and Davis v. Anderson, 218 Ala. 557, 119 So. 670, where it was made apparent from the face of the bill that under no sort of circumstances would any liability for any amount be imposed upon the complainant as a condition to relief.

 The other point argued with reference to the prayer for the fixation of a lien on defendant's property is without merit. A bill, otherwise good, is not subject to demurrer because it prays for more (a question not determined) than the equities of the case justify. Zimmern v. Williams, 190 Ala. 442, 67 So. 277; Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630.

Reversed, rendered and remanded.

STAKELY, GOODWYN and MERRILL, JJ., concur.