JULIA WAGNER, Petitioner, *v.* RUDOLPH WAGNER, Respondent.

Domestic Relations Court of New York, Family Court, New York County, November 10, 1939.

*Milton E. Ehrenreich*, for the petitioner.

*Silverman & Siegel*, for the respondent.

POLIER, J. The petitioner filed her original petition in this court on May 27, 1936, alleging that the respondent was contributing inadequate support to the home for herself and the youngest child, Joseph. Both parties were working at the time and they had

invested their joint savings earned in this country in a farm in Austria. The petitioner at that time stated she was ready to return to live in Austria but the respondent was unwilling to do so. After an investigation of the financial circumstances of both parties an order of eleven dollars per week was entered by this court on June 22, 1936.

In August, 1938, the petitioner returned with the child Joseph to Austria. Counsel for the petitioner sought to enforce the order, payments having fallen in arrears, and counsel for the respondent sought to have the order set aside. After extended hearings, Justice WHITNEY ruled that jurisdiction was not lost by the temporary absence of the petitioner and that the testimony failed to establish that the petitioner had left the jurisdiction permanently. The court did not pass on whether permanent absence would terminate the jurisdiction of this court. This decision continuing the order of support was entered on December 14, 1938, and subsequently affirmed by the Appellate Division. (257 App. Div. 307.)

The Appellate Division in affirming the decision of this court, held that there was sufficient evidence to warrant the finding that the absence of the petitioner was temporary. The court added that it reserved the question as to whether this court would have the right to continue such an order if the persons benefited should reside permanently without the State, and that if the wife did not return within a reasonable time, the application to the Family Court might be renewed upon proper evidence.

On October 18, 1939, the case was restored to the calendar on the respondent's motion to suspend the order on the ground that a reasonable time had elapsed (since August, 1938) and that he should not be required to continue support for the petitioner or the infant son so long as they remained in Germany. Counsel for the petitioner moved to have the court compel the respondent to continue payments and pay up the arrears. On the hearing held on October 25, 1939, the counsel for petitioner testified that he had been authorized to collect all moneys paid into the court for the petitioner and deduct twenty-five per cent as his fee. On cross-examination he admitted that the one sum which he had attempted to transmit to the petitioner had been returned. He added that he had recently given a second amount to a daughter of the petitioner, but that no word had come as to whether it had been received by the petitioner. One of the daughters of the petitioner testified that the petitioner had requested her and her husband to return to Germany and live on the farm, and the evidence submitted as to the petitioner's intention to return to this country was entirely unconvincing. No substantial amounts of money had been sent by the children to the

petitioner and the testimony established that she is now living with the infant on the farm, purchased with the joint savings of the petitioner and the respondent. There is no evidence as to the income derived from this farm, but it is clear that the petitioner has sustained herself and the infant through the property which she controls abroad. The husband receives no income from this property.

In so far as there is no evidence as to the comparative financial circumstances of the parties, and the petitioner has not received any moneys paid into this court by the respondent for herself and the infant, and has managed to sustain herself on the income derived abroad from the joint property, I find there is no basis for continuing the order at this time. The new evidence indicates that there is no longer sufficient evidence to warrant a finding that her visit is temporary. It is, however, not necessary at this time to determine whether that would deprive this court of the right to continue the order if the comparative financial circumstances of the parties were such as to warrant an order and if the petitioner and her child were dependent on such an order. This is clearly not the case at this time.

The arrears were fixed at $410 on October 18, 1939. The order of eleven dollars weekly is suspended. Respondent is ordered to pay the arrears at the rate of five dollars weekly, such moneys to be held in escrow in this court until such time as counsel for the petitioner can produce proof that he can transmit the moneys to the petitioner.