15228

JOHNSON v. JOHNSON

(13 S. E. (2d), 593)

*Mr. S. Henry Edmunds,* for appellant.

*Mr. Paul M. McMillan,* for respondent,

March 10, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

This case was with us once before. *Johnson v. Johnson,* 194 S. C., 115, 8 S. E. (2d), 351. In the former appeal we held that a decree for alimony granted by a Florida Court may be established in this State as a local judgment and enforced by equitable remedies, such as contempt proceedings against the defendant for failure to comply with the judgment of the Court, in such manner as is customary in the enforcement of domestic decrees for alimony by and through the equity Courts of this State. Subsequent to the decision in the above case the Circuit Court of Charleston County, through proper proceedings, took cognizance of the alimony decree rendered by the Florida Court, and established it as a local judgment, holding that such decree was final, not only as to all accrued and past-due monthly installments, but also as to all installments of alimony to become due and payable in the future. From this judgment of the Circuit Court there was no appeal.

Thereafter, upon petition of the defendant, Emmett Johnson, Jr., the Circuit Court issued a rule requiring the plaintiff, Dorothy N. Johnson, to show cause why the amounts ordered to be paid by the defendant for the support and maintenance of the plaintiff and her child should not be reduced because of the changed financial condition of the defendant. The plaintiff made return, and upon the same day a rule was made returnable directed to the respondent to show cause why he should not be adjudged in contempt of

Court for his failure to make payments of monthly install-
ments which had accrued and which were past due. To this
rule the defendant duly made return. The two rules were
heard together, and resulted in an order of the Court re-
ferring the whole matter to the Master in equity for Charles-
ton County to take testimony upon the question of defend-
ant's changed financial status; the Master to report to the
Court his findings of fact and law, and any other special
matter.

Dorothy N. Johnson has appealed from this order, and
seeks its reversal upon the ground that the Circuit Court
has no power under the full faith and credit clause of the
Federal Constitution to modify or alter the provisions of
the decree issued by the Florida Court, either as to past-due
installments or future installments of alimony. The conten-
tion is made that application for such relief must first be
made in the state where the decree was originally rendered.
With this general position we are in full accord, but it does
not fully comprise or reflect the primary issue which was
before the lower Court. The real question before that Court
had to do with the method of enforcement to be followed,
and not with the modification of the decree.

There is no adjudged case in this State which specif-
ically passes upon the question before us. We have
held, however, that with reference to the enforcement
of a domestic decree for alimony a Court of equity has the
right and power to make such changes in the amount of
alimony originally granted for the wife's support as the
altered circumstances of the parties show to be equitable
and necessary. *Jeter v. Jeter,* 193 S. C., 278, 8 S. E. (2d),
490. The plaintiff in argument stresses the general rule that
a judgment rendered by a Court of one state is, under the
full faith and credit clause of the United States Constitu-
tion, entitled in the Courts of another state of the Union to
full force and effect. We, of course, adhere to this doctrine.
*Alexander v. Alexander,* 164 S. C., 466, 162 S. E., 437,

82 A. L. R., 719; *Scheper v. Scheper,* 125 S. C., 89, 118 S. E., 178, 31 Am. Jur., § 533, p. 141.

While the Federal Constitution places judgments of sister states on the same footing in most respects as domestic judgments, and grants them a general faith and credit, it is clear that when the issue has to do with the method of enforcement no greater effect need be given to an alimony decree of a sister state than is given to similar judgments in the state where such foreign judgments may be established. 31 Am. Jur., § 533, p. 144. The plaintiff insists that if the order of reference stands, which allows defendant to offer evidence showing his altered financial condition and his inability to pay the full amount of monthly installments, past and future, it would constitute a denial of full faith and credit, because in effect the Court would thereby assume jurisdiction to modify the Florida decree. We do not think so under the circumstances of this case.

Under the decree for alimony rendered by the Florida Court, the defendant was ordered and required to pay $50.00 monthly to the plaintiff, of which $30.00 was for her own support, and $20.00 was for the support and maintenance of the child of that marriage. Continuously from the date of the decree the defendant has regularly paid the sum of $30.00 each month. He wishes now, in this contempt proceeding, an oppotrunity of showing his financial inability to pay the full amount of $50.00 monthly.

It should be borne in mind that the enforcement of an alimony decree in this State, as in other states, differs radically from the enforcement of an ordinary money judgment. In the latter case, subject to some exceptions not pertinent here, enforcement may be had by exception against property only, and not by attachment for contempt. But in the case of a decree for alimony a defaulting husband may be imprisoned if he fails to make payment in accordance with the terms of the decree. We have shown that in the enforcement of such decrees in this State even

though they be deemed final when rendered, they are subject to modification on a proper showing of altered financial circumstances. And this modification may operate prospectively as well as retroactively with reference to installments.

In our opinion, a South Carolina Court, under the full faith and credit clause of the Federal Constitution, Art. 4, § 1, and under the doctrine of comity, would have no right to amend or change a foreign decree established here; but the extent to which we may go in the enforcement of such judgment must be determined by our own laws and usages. Such decree draws to itself, when made a local judgment here, similar equitable remedies for enforcement as are customary in the enforcement of decrees for alimony in our local Courts. We held this in *Johnson v. Johnson, supra.*

The order of reference appealed from, and the hearing to be had thereon, whatever may be its final result, can in no sense alter or modify the judgment of the Florida Court. The amount of alimony provided for in the Florida decree must remain unchanged until altered by that Court. But this does not mean that the defendant must be jailed if he should satisfactorily make a showing of his financial inability to pay the full amount of the monthly installments which that decree requires. The effect of the full faith and credit clause of the Constitution is not primarily in issue here. We are considering only the method of collecting the judgment, and the procedure of enforcement to be followed is a matter exclusively for our Courts. We think that it cannot be seriously contended that a citizen of this State would in a contempt proceeding be placed in jail by our Courts because of his inability to pay a judgment of a foreign Court established here, when under similar circumstances in the enforcement of a domestic judgment for alimony we would not do so. The Florida decree is in force here solely for the purpose of enforcement through the equitable remedies afforded by our Courts of

equity, and this being true, it occupies no higher position than a domestic judgment. If a Court of equity had no authority to take cognizance of the altered financial condition of the parties, the matter of contempt proceedings and imprisonment upon failure to pay would be automatic. The fallacy inherent in plaintiff's argument is demonstrated when its reasoning is followed to its ultimate conclusion. If this contention should prevail then a husband in default as to alimony payments, and without funds, could be jailed for life merely because he lacked the means which would enable him to reach a distant jurisdiction and there seek the relief which the local Court deemed itself impotent to grant. Equity, ·preoccupied with the administration of justice in the light of things as they are, must, in a case of this kind, look to realism and not to theory.

We said in *Jeter v. Jeter, supra* (193 S. C., 278, 8 S. E. (2d), 493) : "The Judge would have no discretion but upon each application the Court would have to hold the person failing to pay the alimony in contempt and put him in jail, even though it might appear that ill health or financial disaster had come upon the delinquent husband and that he was in such condition as to be unable to comply with the orders. This is a monstrous doctrine that a Court of equity has to act automatically without any discretion."

If the defendant was really seeking a modification of the Florida decree, we concede that the proper procedure for him to follow would be to apply to the Florida Court, even though such a course might be utterly beyond his reach because of the expense involved. But we do not view the purpose of the order of reference as encompassing a modification of a foreign decree. Although, incidentally, it might have that temporary result, this does not affect the principle of enforcement involved, which remains under the control of the Courts of this State. We recognize the alimony decree of the Florida Court as being binding and conclusive, but we do not feel bound to give it any greater

potency here than is given to domestic decrees of alimony. If as a result of the hearing to be held in the Court below, the Court should deem it equitable and just to enforce the payment of a monthly installment smaller than the amount directed by the Florida decree, this reduced amount would be credited to the defendant, but he would still be liable for the original amount fixed. And if his circumstances should improve and the payment of the full amount should be made possible, then upon this being shown to the Court, he would be required to pay the balance of all past-due amounts, as well as the future installments, in accordance with the scale required by the decree.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER and BAKER and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.