## EDNA DAY
*vs.*
## IRVING M. DAY

Superior Court      Fairfield County      File No. 64655

MEMORANDUM FILED JUNE 30, 1942.

Boardman, Grout, Swain & McCarthy, of Bridgeport, for the Plaintiff.

Hirschberg, Pettengill, Strong & Deming, of Greenwich, for the Defendant.

Memorandum of decision on demurrer to defense and cross petition.

O'SULLIVAN, J.   The substance of the complaint is that the defendant has failed to honor that part of a Nevada divorce decree obtained by the plaintiff in 1934, which required him to make certain payments of alimony to the plaintiff.   The relief sought is that the Nevada decree be made a decree of this court, that an accounting be ordered, and finally that money damages be awarded.

The second defense sets forth that ill times have fallen on the defendant since 1934, and that his financial condition has so far undergone a change for the worse through no fault of his own, as to make his burden, under the Nevada decree, unfair and unreasonable, all of which is known to the plaintiff, who, nevertheless, invokes equity to enforce her rights, though she is unwilling to do equity herself.

Then, by way of cross petition, he alleges the same facts that are found in the second defense, and seeks various forms of relief, as, for example, that the court determine the extent of his present ability to pay alimony to the plaintiff and restrain her from seeking, through the medium of a court of

equity, payment of an amount in excess of what he is financially able to pay.

To the second defense and to the cross petition, the plaintiff has addressed a demurrer, whose gravaman is that this court cannot modify an award of alimony contained in a decree of absolute divorce granted in Nevada, where the power to modify has not been reserved by the court or where no reference is made in the decree to an agreement between the parties, recognizing the right to seek a change in its terms.

Under the law of Nevada, where no statute on the subject is available, the wife's allowance once made is final (*Sweeney vs. Sweeney*, 42 Nev. 431, 179 Pac. 638), unless the decree itself expressly reserves the power to modify it (*Lewis vs. Lewis*, 53 Nev. 398, 2 Pac. (2d) 131), or unless the decree approves a settlement which in turn provides for a modification (*Aseltine vs. Second Judicial District Court*, 57 Nev. 269, 62 Pac. (2d) 701).

In spite of this finality which the defendant concedes exists save under the exceptions above noted, he urges that he is entitled to an equitable consideration of his situation, not for the purpose of attempting to modify the Nevada decree but rather to limit the extent to which a court of equity in this State will enforce it. He cites *Johnson vs. Johnson*, 196 S.C. 474, 13 S.E. (2d) 593, to support his claim, and undoubtedly this decision indicates that his position is sound.

Unfortunately, however, I am unable to decide whether a Connecticut court should follow the *Johnson* case, whose logic, I am frank to say, is most persuasive. The difficulty is this: the parties have assumed that the Nevada decree and the agreement entered into between the parties are a part of the record. The fact, however, is to the contrary, even though the complaint makes reference to them as exhibits. Through oversight, apparently, they have not been filed. As they are not a matter of record in this case, their contents cannot be considered. As the three grounds of demurrer are based solely on what appears in these missing documents, the demurrer collapses, and must be overruled, I regret to say, entirely on technical reasons which cannot be overcome.