" BELLA KAPLAN ", Petitioner, *v.* " JEROME KAPLAN ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Kings County, December 12, 1946.

* Fictitious names are used herein for the purposes of publication.

*Feinson & Feinson* for respondent.

*Solomon Biederman* for petitioner.

PANKEN, J. This is a motion to vacate an order entered herein heretofore after trial by a justice of this court requiring the respondent to provide maintenance and support for his wife, the petitioner herein.

The court had power to enter the order under subdivision 1 of section 92 of the New York City Domestic Relations Court Act (L. 1933, ch. 482) which act established the court and conferred the powers and jurisdiction reserved to it. Subdivision (1) of section 92 reads: '' To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties.'' It is questionable

as to whether or not petitioner would in the circumstances established by the testimony become a public charge. The court, however, had the power to make the order and acquired jurisdiction of the persons and the subject matter to warrant the making of the order.

Paragraph (a) of subdivision 1 of section 103 of the Domestic Relations Court Act defines the prerequisites of residential jurisdiction. It provides that: " * * * if, (a) he or she is residing or domiciled in the city [of New York] at the time of the filing of the petition for support * * *."

The testimony submitted in support of the order apparently established the fact and it was so found to be the fact that the respondent at the time of the filing of the petition was residing in the city of New York. The petitioner, a foreigner, was a visitor to the city of New York; she obtained admission to the United States on a visitor's visa. Whether she can under the circumstances disclosed herein be found to be a resident of the city of New York need not be passed upon by me on this motion. A visitor under ordinary circumstances is not a resident of the place he or she visits. And a person visiting the United States on a visitor's visa is not a resident of the United States or of the State in which he finds himself within the meaning of the law.

The facts are that the respondent, the husband of the petitioner, was at the time the petition was filed, a resident of the city and State of New York. While it is axiomatic that the domicile of the husband is also the domicile of the wife, it cannot be so found where the wife is merely a visitor to the locale where the husband resides and is such visitor on a visa issued to her while she was and continues to be a resident or citizen of a foreign country. In this case I hold that the petitioner had not become a resident of the city of New York because of her husband's residence therein. To make the domicile of the husband that of the wife, the wife must be lawfully and permanently within the country where the husband had established a residence or domicile.

The affidavits and argument in support of this motion and the court records disclose that the petitioner came to the United States from the Republic of Mexico on a visa issued to her, and then came to the city of New York where the respondent was then residing. Upon her arrival to the United States and to the city of New York she filed a petition seeking an order to provide for her support from her husband. After hearing had and testimony submitted, an order as was heretofore stated, was entered.

The justice presiding at the hearing on the petition filed a memorandum in which he observes that "the Respondent admittedly entered the United States illegally in 1936." He found as a matter of fact that the respondent had "abandoned the Petitioner" and had failed and neglected to support the petitioner since his abandonment of her.

An adjudication by a colleague in this court on the facts and the law is binding upon me. It is *res judicata*. If the respondent felt aggrieved by the decision and order, his remedy was by appeal to the court of next instance. He did not appeal. On this motion he seeks the vacating of the order on the ground that the court had no jurisdiction. That has been passed upon by a justice having competence to pass thereon. The respondent urges that the order entered is a nullity, asserting that the court was without jurisdiction to make such an order. This contention raises the question as to whether or not the court had jurisdiction over the parties and the subject matter. An order entered without acquiring jurisdiction either of the parties or the subject matter and under powers not vested in the court would be null and void. Under subdivision (1) of section 92 and paragraph (a) of subdivision 1 of section 103 of the Domestic Relations Court Act of the City of New York the court had jurisdiction of the subject matter and acquired jurisdiction of the persons by the appearance of both parties before the court.

A husband residing within the city of New York may be made to answer for the support of his wife regardless of where the wife resides after jurisdiction of the persons has been acquired. It does not affect the rights of the petitioner if the abandonment or failure to support her was within the city of New York or elsewhere. That may be otherwise if a petitioning wife, a dependent wife, seeks support from her husband on the basis of likelihood to become a public charge when in fact she is not a charge upon the public within the city of New York. Referring back to subdivision (1) of section 92, it would appear that under circumstances permitting an order to be made the question of the petitioner becoming a public charge would not militate against her rights to support even though she were a nonresident. The petitioner is not a citizen of the United States nor was she a resident within the boundaries of the United States. In fact she was and still is a resident of the Republic of Mexico, as she was when the respondent abandoned her, and during the entire period that the respondent failed and neglected to provide for her support and maintenance. The respondent

has been within the United States, although illegally, since 1936, and has failed to discharge his obligations and duties which the marital relationship imposed upon him to provide for her support.

The respondent contends that upon the expiration of the period provided for in the visitor's visa, she left the United States and had returned to the Republic of Mexico; that is the undisputed fact and by reason thereof he asserts she is not entitled to the benefits of the order herein entered.

In *Fenelle* v. *Fenelle* (183 Misc. 123, 124) it was said: " ' It would seem that an order made for the benefit of a spouse or another dependent may be vacated upon proof that the beneficiary had departed from the State permanently.' " The court when a beneficiary departs from the State permanently may construe that to be an abandonment not only of the benefits of the order, but also of the person chargeable with compliance of the order. A wife may not leave the domicile of her husband without good cause or good reason, take up permanent residence in a foreign jurisdiction or within the jurisdiction, and insist upon support from her spouse. The rule of law would be different were she to be or likely to become a public charge within the jurisdiction. In *Wagner* v. *Wagner* (257 App. Div. 307; 172 Misc. 390) the Appellate Division reserved the question as to the right to continue an order entered in this court for the benefit of the petitioner who resides permanently without the State.

The facts in the instant case are complicated. The petitioner returned to the country from which she came on the expiration of the visitor's visa. There was no abandonment by her of her husband's domicile. She had no settlement in the city of New York or in the United States. She cannot abandon that which she never had. However, nothing was submitted to show that she intends to remain permanently in the republic of Mexico or elsewhere outside of the limits of the United States and the State of New York. On argument counsel for the petitioner without contradiction by the respondent's attorney asserted that she intends to enter the United States lawfully.

The problem to be resolved here is can a husband evade his bounden duty, his moral obligations, his legal responsibility by abandoning his wife in some foreign country, enter the United States illegally and then attempt to invoke the law of the land in which he sought refuge to aid him in his evasion. The law will not countenance that. Morals, ethical concepts would not support such a contention. To sustain the position taken by

the respondent is to run counter to all that is decent and moral.

That which is immoral and unethical will not be supported by law. The courts will not sanction conduct amounting to a disregard of obligations, duties and responsibilities. The law reflects or should reflect the highest moral concepts.

The continuance of this order requiring the respondent to continue the support of his wife though she is living in a foreign country amounts to nothing more than to require the respondent to discharge a promise he made her and to comply with obligations he undertook when he entered into the marital contract with her and the relationships which flowed from that contract.[*]

Motion denied. Order continued.

---

[*] See, also, "*Buenos*" v. "*Buenos*", 189 Misc. 262.— [REP.
[†] See, also, *Wynn* v. *Wynn*, 188 Misc. 425.— [REP.