" BELLA KAPLAN ", Petitioner, v. " JEROME KAPLAN ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Kings County, February 10, 1950.

* Names used herein are fictitious for the purposes of publication.

*Feinson & Feinson* for respondent.

*Solomon Biederman* for petitioner.

LORENCE, J. The respondent husband moves to suspend a support order, based on a means basis, as modified by me on July 29, 1949, awarding the petitioner wife $10 per week.

A brief review of the facts leading up to the present motion will help towards the better understanding of this decision. In March, 1946, this petitioner, alleging that her husband had failed to provide fair and reasonable support according to his means and capacity, invoked the aid of this court. The husband answered asserting *inter alia,* that this court had no jurisdiction of the subject matter because neither party was a legal resident of the city of New York. After trial, this court found that the husband was a resident of the city of New York, that he had in fact abandoned his wife and neglected to provide for her support in accordance with his means. Accordingly, the husband's plea of no jurisdiction was overruled and an order made directing him to pay $12 per week (see opinion of N. Y. City Dom. Rel. Ct., Kings Co., March 16, 1946, McNAMARA, J., under Docket No. 300–46).

In November, 1946, the husband moved to vacate the order aforesaid on the grounds previously urged and the additional ground that a visitor's visa under which the wife had come to New York from Mexico had expired by limitation of time.

This motion was denied on the ground that the previous decision holding respondent a resident of the city of New York within the purview of paragraph (a) of subdivision 1 of section 103 of the New York City Domestic Relations Court Act was *res judicata* and binding on the court. As to the claim that the wife was not a resident and therefore could not maintain the proceeding, the court held that the husband's residence in the city of New York, conferred jurisdiction, regardless of where the wife resided (see opinion of PANKEN, J., filed December 12, 1946, and reported *sub nom.* " *Kaplan* " v. " *Kaplan* ". 188 Misc. 397).

In July, 1947, the husband again moved to vacate the original support order of Mr. Justice McNamara, this time urging the ground that the parties had been divorced by a decree of a Mexican court. That motion was denied by Mr. Justice Hubert T. Delany who found that the purported divorce decree was jurisdictionally defective and void (see opinion of N. Y. City Dom. Rel. Ct., Kings Co., Sept. 2, 1947, Delany, J.).

On May 18, 1949, after trial in the Supreme Court, Kings County, the wife secured a judgment declaring the purported Mexican divorce obtained by the husband fraudulent and void and of no effect whatever, and that the petitioner herein was still the wife of the respondent. This judgment, among other things, directed the husband (respondent here) to pay his wife, during her stay in the United States, alimony at the rate of $10 per week.

The husband failed to comply with the aforesaid judgment and a motion was made to punish him for contempt. This motion was decided by the same Judge who granted the declaratory judgment, and he generously pointed out that he erred in including the alimony provision and that such an award was not authorized in an action to procure a judgment declaring a foreign divorce fraudulent and void, citing section 1169 of the Civil Practice Act which limits alimony awards to actions for divorce, separation and annulment only. (See N. Y. L. J., July 18, 1949, p. 97, col. 5, F. E. Johnson, J.)

On July 29, 1949, I reduced the payments ordered by Mr. Justice McNamara from $12 to $10 per week as of May 18, 1949, on the basis of the husband's means.

On the instant motion to suspend or modify the original order of Mr. Justice McNamara as modified by me, the husband urges that the petitioner has actually returned to Mexico; that her right to alimony was conditioned by the Supreme Court on her stay in the United States; that such judgment supersedes the support order of this court and, finally, that by returning to Mexico the wife has forfeited her rights to support even under the said judgment.

I find that the contentions of the respondent are not well founded in law and deny this motion to vacate the support order for the following reasons:

(1) Mr. Justice McNamara had jurisdiction of the parties and the subject matter. His order is *res judicata.* I must follow it, and therefore conclude that it is still in full force and effect, except as modified by me as aforesaid.

(2) The Family Court has jurisdiction to make or continue a support order against a respondent residing in New York City in favor of his wife permanently residing out of the State. (*Adams* v. *Adams*, 272 App. Div. 29; " *Buenos* " v. " *Buenos* ", 189 Misc. 262, and cases there cited.)

It may be also stated here that since the court has jurisdiction to make such a support order in favor of one permanently residing out of the State, it may continue the order in a situation where the petitioner is a resident at the time the order is made, but subsequently removes to a foreign State or country.

(3) The judgment of the Supreme Court, Kings County, aforesaid, did not supersede the order of Mr. Justice McNamara, because the Supreme Court order on the subject of support is null and void and may be attacked collaterally.

I find no authority whereby the award of alimony can be directed in a pending action to declare the validity or nullity of a foreign judgment of divorce. Section 1169 of the Civil Practice Act specifically allows alimony during the pendency of an action for divorce, separation or annulment only. If the Legislature intended to include declaratory actions for marital status in this category, it would have included this action. Indeed in section 1169-a of the Civil Practice Act, counsel fees and expenses only are specifically allowed to a wife in declaratory actions, but there is no mention of alimony.

An action to declare a foreign divorce fraudulent and void (such as brought by the wife in this case) is not an action for divorce, separation or annulment, and hence no award of alimony can be made in such declaratory action. " An award of alimony is a mere incident of a judgment in a matrimonial action, it derives from statute and authority to award, it must be found in the express language of the statute (*Querze* v. *Guerze*, 290 N. Y. 13, 18)." (N. Y. L. J., July 18, 1949, p. 97, col. 5, F. E. Johnson, J.)

Finally must this Supreme Court decree, jurisdictionally defective, be followed by the Family Court merely because it has never been overruled directly.

A declaratory judgment has the force of a final judgment as is stated in section 473 of the Civil Practice Act. Ordinarily the remedy of the dissatisfied party to the declaratory judgment is to appeal therefrom to the Appellate Division. However, when the declaratory judgment contains a provision regarding a subject over which the court has no jurisdiction, such as the alimony provision in this case, this provision is null and void and may be disregarded by any court wherein such provision

is collaterally attacked. There are numerous cases since *Williams* v. *North Carolina* (317 U. S. 287) wherein a judgment in one court is collaterally attacked in another tribunal because the first court did not have jurisdiction over the parties or the subject matter. Indeed the declaratory judgment here held the Mexican decree null and void because of lack of jurisdiction of the parties and that in itself was a collateral attack as are all declaratory judgments re marital status. Again in the decision on the motion to punish for contempt the award of alimony was ignored and its enforcement refused because of the error previously referred to, which again was a collateral attack.