Florence C. Barclay, on Behalf of Edgar L. Marston, III, Petitioner, *v.* Edgar L. Marston, II, Respondent.

Domestic Relations Court of the City of New York, Family Court, New York County, July 14, 1953.

*Lawrence R. Condon* for petitioner.

*Arthur E. Muller* for respondent.

FOGARTY, J. This petition for support of a fourteen-year-old child is brought on the infant's behalf by the mother, a resident of Illinois, against the father, a resident of New York City.

Petitioner and respondent were divorced by decree of the Superior Court of Cook County, Illinois, rendered in favor of the mother, and awarding her custody of the children, on the sixth day of May, 1946. Incorporated in the divorce decree was an agreement providing for the support of this child and another as follows:

" 7. That in and by said agreement Defendant has agreed to pay over to Plaintiff for the benefit of such children during their respective minorities $500.00 per annum from sources other than income personally earned by Defendant, plus 20% of all income personally earned by Defendant in excess of $500.00 per month, less pro rated Federal income taxes on such earned income, such payment to be limited to a maximum of $4,000.00 per annum for each child and to be made annually commencing April 15, 1947; and that said agreement in so far as it relates to the support of said children is fair and reasonable at the present time in view of the separate income now enjoyed by Plaintiff."

Petitioner and respondent have each remarried. Since the date of the divorce, there has been but one payment made by the husband, for support of both children, a payment in the amount of $1,600 in May, of this year.

Testimony of petitioner reveals that the infant for whose support this petition has been brought, is enrolled at a preparatory school where the tuition alone is approximately $2,000 per year, and that the mother has been bearing that burden as well as the burden of other expenses for the child in the amount of approximately $1,000 per year. Since 1946, petitioner testified, she has expended some $42,000 or approximately $6,000 per year for the support of the two children of her marriage to respondent. These amounts expended are normal when considered in connection with all the surrounding circumstances, including the background of both parents, their economic and social upbringing, and the means to which they, before, during, and after their marriage years have been accustomed and to which they have accustomed their two children. That these amounts are not extravagant is not in dispute here.

Respondent's taxable income for the year 1952 was in the amount of $13,659.99. His net income, after Federal taxes were deducted, was $11,066.45. That sum was augmented by additional expendable income in the nature of gratuities in the sum of approximately $12,000, bringing the total expendable income to about $23,000 as conceded by counsel for respondent. It is further conceded that should an order for support be legally enforcible, the sum of $50 per week for the support of the infant here involved would be a fair and reasonable sum.

It is conceded the court has jurisdiction in this proceeding. While such a concession does not operate to confer jurisdiction where jurisdiction is not had, it is clear the concession is correct, since both parties have appeared generally by attorney, the respondent being a resident of New York City, and jurisdiction of the subject matter is had under subdivision (1) of section 91; subdivisions (1) through (4) of section 92; subdivision 1 of section 101; paragraph (a) of subdivision 1 of section 103; section 111, and subdivisions 1 and 5 of section 137 of the Domestic Relations Court Act of the City of New York, interpreted by the Court of Appeals in the recent decision in *Langerman* v. *Langerman* (303 N. Y. 465), and by Justice BOLIN of this court in the sequel to that case, *Langerman* v. *Langerman* (203 Misc. 230).

It is contended by respondent that this is not a proper case for the exercise of jurisdiction on other than a public charge

basis; that there has not been such a change of circumstances as would warrant action by the Illinois courts, and that therefore this New York court could not properly act; that action would in effect be an improper exercise of equity jurisdiction in reformation of the Illinois divorce decree which incorporated the support proviso.

In the first of the *Langerman* cases (*supra*) the divorced wife had petitioned the New York State Supreme Court for support for the children over and above the $25 per week provided for each child in the Nevada divorce decree. Dismissal of the complaint, for lack of jurisdiction of the subject matter, was affirmed by the Court of Appeals (303 N. Y. 465). The court stated exclusive jurisdiction of such a nonmatrimonial proceeding was under subdivision (1) of section 91 and subdivision 1 of section 137 of the Domestic Relations Court Act of the City of New York, giving the Family Court jurisdiction of such support proceedings whether or not the parents are validly divorced (citing *Matter of Franklin* v. *Franklin,* 295 N. Y. 431, 435). It was indicated also that support might be ordered on other than a public charge basis, as provided in subdivisions (1) and (2) of section 92. More specifically, subdivision 1 of section 101 provides that a husband is chargeable with support of his children on the basis of his means. As to the constitutional question raised under the full faith and credit clause of section 1 of article IV of the U. S. Constitution, the court pointed out that there was antedating the divorce decree a Nevada statute enabling their courts to modify divorce decrees with respect to provisions dealing with maintenance and support of children, and regardless of what the rule might be in the absence of such a statute, a judgment in a rendering State is *res judicata* in a sister State only to the same extent as in the rendering State (citing *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 438, and *Halvey* v. *Halvey,* 330 U. S. 610, 614).

After the dismissal, the *Langerman* support petition was properly brought in this court, and Justice BOLIN ordered the support for the two children increased from the $50 per week agreed between husband and wife on separation and incorporated in the divorce decree, to $150 per week, the court acting under the powers given it by subdivision 1 of section 101, to order support on the basis of a husband's means. At page 233, the court stated: "Another undisputed and controlling doctrine is that the primary duty of support of minor offspring is cast on the father, regardless of any resources of the mother, and that such duty is measured by the child's needs in relation

to the father's ability to provide and station in life (see *Schacht* v. *Schacht,* 187 Misc. 461, *supra,* and cases cited; '*Zunder* v. *Zunder,*' 187 Misc. 557; cf. *Young* v. *Valentine,* 177 N. Y. 347, 352).''

In the *Langerman* cases the children were residents of New York; here the child and mother are resident in Illinois, but under paragraph (a) of subdivision 1 of section 103 the necessary jurisdiction is had by the residence of respondent in New York City. (See *Adams* v. *Adams,* 272 App. Div. 29; '' *Buenos* '' v. '' *Buenos* '', 189 Misc. 262; cf. '' *Almandares* '' v. '' *Almandares* '', 186 Misc. 667, and '' *Morgan* '' v. '' *Morgan* '', 187 Misc. 714.)

This petition is maintainable by the divorced wife for the benefit of the child only, under subdivision 1 of section 137. It is maintainable on a means basis under subdivision 1 of section 101 and the *Langerman* decisions and cases cited therein. Indeed, in *Karchmer* v. *Kane* (275 App. Div. 715), and *Scrima* v. *Scrima* (265 App. Div. 483), the Appellate Division reversed this court when it denied it had power to act other than on a public charge basis in the face of an unchanged sister State divorce decree which incorporated a support agreement. In both cases section 92 and subdivision 1 of section 137 were cited as giving jurisdiction, and the full faith and credit issue was resolved by the possibility of modification of the decree in the rendering State.

In the case here before the court, the fact is that respondent did not abide by the agreement in the Illinois decree, even when construed in its aspect most favorable to him; for one thing, payments certainly were not timely made. But it is contended that it sets the limit of his obligations to the child. But, as set forth above, support can be ordered on the basis of respondent's means. If, by point III of his memorandum of law, respondent's counsel is impliedly posing the full faith and credit question, the Illinois statutes themselves reveal that Illinois courts would have power to modify this decree (Ill. Rev. Stat., 1949, ch. 40, § 19; *Igney* v. *Igney,* 303 Ill. App. 563). And that statute was in effect antedating the 1946 divorce decree (Ill. Rev. Stat., 1945, ch. 40, § 19). The fact that an Illinois court might, in the exercise of its discretion, refuse to modify the decree, has no finality or binding effect on the courts of a sister State. Nor does it appear that the Illinois courts would refuse to act to make more definite and to regulate the husband's obligation in this case.

In the past year respondent had an expendable income after taxes of approximately $23,000. This, of course, includes certain gratuities of a nonrecurring nature. But gratuities are income for purposes of the Domestic Relations Court Act (*Jenkins* v. *Jenkins,* 179 Misc. 905). In the light of all the circumstances, including respondent's concession, this court in the exercise of its discretion, determines that $50 per week is a fair and reasonable sum and so orders, for the support of the child according to respondent's means. This does not involve an exercise of equity jurisdiction in reformation of the Illinois decree. In the interests of children the courts are not bound by agreements entered into between parents when the welfare of the children requires they be disregarded. (*Matter of Pinto,* 203 Misc. 244; *Van Dyke* v. *Van Dyke,* 278 App. Div. 446.) Aside from that, this amount is well within the maximum provided for the annual support of each child in the Illinois decree.

Order $50 per week; 1st payment June 12, 1953.

Notice shall be given to all parties and counsel.