*H. Y. C. Choy* (*Fong, Miho, Choy & Chuck* on the briefs) for appellee.

### VIOLET M. HOLLINRAKE *v.*
### JAMES F. HOLLINRAKE.

### NO. 3026.

ARGUED OCTOBER 18, 1955.                    DECIDED OCTOBER 26, 1955.

TOWSE, C. J., STAINBACK AND RICE, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This case was before this court in *Hollinrake* v. *Hollinrake,* 40 Haw. 397, wherein this court held that a foreign decree for alimony is enforceable in the courts of the Territory in equity where a remedy at law is insufficient and inadequate. This decision assumed that the territorial courts are not compellable under the full faith and credit clause of the Constitution of the United States to give such enforcement in equity but that it may as a matter of public policy and on principles of comity establish and enforce such decrees in equity. The decision reversed the circuit

court in holding that there was no remedy in equity for the enforcement of a foreign decree in the territorial courts but only at law.

Upon remand the respondent filed an answer setting up, among other things, certain equitable defenses as to why he should not be compelled to pay the amounts set forth in the Nevada decree and his financial inability to make such payments. The chancellor sustained a demurrer to this answer and ordered the establishment of the Nevada decree as a foreign judgment. From this order the appellant appeals to this court.

In the former opinion of this court we held that he who seeks equity must do equity and that a respondent is entitled to invoke any equitable defense by showing a modification of the foreign decree by the court wherein it was granted or by way of *other* equitable defense to the enforcement of the foreign decree. However, the territorial court cannot affect the validity or modify the terms of a foreign decree even though it may for equitable reasons refuse to enforce by contempt proceedings the full amount due under such decree; that this does not deny the full faith and credit; that a foreign decree of alimony when made a local judgment may have such equitable remedies for enforcement as are customary in the enforcement of local alimony decrees, but that the full faith and credit clause does not give a foreign judgment, so far as enforcement is concerned, any higher position than a domestic judgment.

In addition to the *Hollinrake* v. *Hollinrake* holding, *supra,* and cases cited therein, see *Johnson* v. *Johnson,* 196 So. Car. 474, 13 S. E. (2d) 593. This South Carolina case held that a Florida judgment for alimony is enforceable in South Carolina but that the South Carolina court may, if it deem it equitable, enforce a smaller amount of alimony than the amount decreed by the Florida court, that such

amount should be credited to the defendent "but he would still be liable for the original amount fixed" by the Florida court; further, if the defendant's financial condition should improve and the payment of the full amount be made possible, then upon a proper showing to the court he would be required to pay the balance of all past due amounts as well as future installments in accordance with the decree of divorce.

The chancellor properly ordered the establishment of the Nevada decree as a foreign judgment. However, as set forth in the former opinion of this court, the territorial court may for equitable reasons refuse to enforce by contempt proceedings the full amount due under such decree and may modify the amounts of payments to fit the respondent's ability to pay with the proviso that the respondent is still liable under the Nevada decree for the full amount thereof and may be forced, when able to carry out the same, unless the Nevada court which granted the original decree modifies its terms.

In view of the opinion of this court in *Hollinrake* v. *Hollinrake,* 40 Haw. 397, setting forth the law relative to foreign divorce decrees and the enforcement of alimony provisions therein, this appeal borders on the frivolous.

The case is remanded with instructions for the court to proceed in accordance with this and the former opinion heretofore filed in this matter.

*Brahan Houston* (also on the briefs) for appellant.

*Richard L. Teege* (*Lewis, Buck & Saunders* with him on the brief) for appellee.