**Louise Zimmerli WHITE, Plaintiff,**

v.

**Douglas A. WHITE, Sr., Defendant.**

**Civ. A. No. 5998.**

United States District Court
E. D. South Carolina,
Columbia Division.

Jan. 16, 1959.

Thomas E. McCutchen, Columbia, S. C., for plaintiff.

Melton Kligman, Columbia, S. C., for defendant.

CHARLES CECIL WYCHE, District Judge.

This matter comes before me on motion of the plaintiff for summary judgement. The complaint alleges that the United States District Court for the District of Columbia issued its order on February 6, 1948 directing the defendant to pay alimony to the plaintiff; that said Court thereafter issued eight separate orders adjudging the defendant in contempt and granting judgment to plaintiff by reason of the non-payment of said alimony; that the defendant owes the plaintiff $6,985 as of April 27, 1956 by reason of the aforesaid orders. The complaint seeks to establish and enforce the aforesaid orders in this jurisdiction, to obtain judgment against the defendant, to ad-

judge the defendant in contempt if he fails to make payment of the amount due the plaintiff and to recover reasonable fees for plaintiff's counsel.

The answer of the defendant admits the existence of the order of February 6, 1948.

Thereafter, the plaintiff served certain requests for admission of facts, all of which facts were unconditionally admitted under oath by the defendant. Accordingly, the defendant admits that the amounts set forth in the complaint are due and unpaid. The defendant served interrogatories upon the plaintiff and by reference to the answers of the plaintiff thereto, it appears that the plaintiff is in destitute circumstances.

Exemplified copies of all orders asserted in the complaint were also introduced by the plaintiff.

Without objection the defendant testified in person. He admitted that he had not paid any sum whatsoever to the plaintiff for her support or otherwise since April 27, 1956 and long prior thereto. The defendant also testified that he had applied to the United States District Court for the District of Columbia for a reduction of the amount of alimony which he shall pay to the plaintiff, but that said Court had refused to reduce the amount specified monthly. The defendant admitted that he had a retirement income of $339.35 per month and worked irregularly. He testified that he earned $9,000 a year before his retirement. The defendant has remarried and resides in the home of his second wife who is employed as a registered nurse. He testified that he is financially able to pay the plaintiff $50 per month at this time.

Counsel for the defendant stated to this Court that he did not contest any of the allegations of the complaint except that he contended that this Court could not adjudge the defendant in contempt.

I find that there is a diversity of citizenship between the plaintiff and the defendant, that this Court has jurisdiction of the parties and the subject matter of this suit. Since no facts are in dispute, the only issue is whether or not this Court will enforce by equitable remedies a local judgment based upon a foreign decree for alimony.

A few courts have held that alimony due under a decree of a foreign court is merely a debt, but the decided trend of the more recent cases and the majority of the courts have held that "a decree for alimony represents more than a debt, that its basis is the natural obligation of the husband to support his wife and children, which is a matter of public concern whether the obligation is first judicially declared in the state of the forum or elsewhere, that the urgency for its effective enforcement is equally as great in one state as in the other and that therefore it should be enforced by the same remedies as are applicable to domestic decrees for alimony", 18 A.L.R.2d 867, citing cases from 12 states including South Carolina.

The specific question has been decided in Johnson v. Johnson, 194 S.C. 115, 8 S.E.2d 351, 354, wherein the Supreme Court of South Carolina held:

"And we conclude that a decree for alimony granted by a foreign Court may be established and enforced by and through the equity Courts of this state, and that our equity Courts may assume jurisdiction thereof."

The Court in that case also said:

"The Courts of equity of this state have ample power to grant the relief sought by the plaintiff in this cause. To conclude that because a wife was awarded alimony in another state, the Courts of this state will not aid her in its collection, when if the award had been made regularly in this state they would do so, would have little to commend it. Such a view disregards the whole purpose of awarding alimony or support money to a wife and child. The need is not affected by the place of award. The assertion of the right in a different state cannot change the nature and basis of the obligation."

This case was before the Court again, Johnson v. Johnson, 196 S.C. 474, 13 S.E. 2d 593, 594, 134 A.L.R. 318, at which time the Court said:

"In the former appeal we held that a decree for alimony granted by a Florida Court may be established in this State as a local judgment and enforced by equitable remedies, such as contempt proceedings against the defendant for failure to comply with the judgment of the Court, in such manner as is customary in the enforcement of domestic decrees for alimony by and through the equity Courts of this State."

In the same case the Court held:

"It should be borne in mind that the enforcement of an alimony decree in this State, as in other states, differs radically from the enforcement of an ordinary money judgment. In the latter case, subject to some exceptions not pertinent here, enforcement may be had by execution against property only, and not by attachment for contempt. But in the case of a decree for alimony a defaulting husband may be imprisoned if he fails to make payment in accordance with the terms of the decree."

■ This Court has no power under the full faith and credit clause of the Constitution of the United States to modify or alter the provisions of the decree issued by the United States District Court for the District of Columbia, either as to past due installments or future installments of alimony; the amount of alimony provided for in the original decree must remain unchanged until altered by that Court. However, with regard to the method of enforcement no greater effect need be given to an alimony decree of another court than is given to similar judgments in this state.

■ It now appears that the defendant is indebted to the plaintiff in the sum of $11,395 for unpaid alimony and that he has not paid the plaintiff any amount whatsoever for many years even though he admittedly has been able to pay the same or a part thereof. The defendant has ignored completely his responsibility, his obligation and the orders of the United States District Court for the District of Columbia. Accordingly,

It Is Ordered:

1. That the decree of the United States District Court for the District of Columbia in Civil Action No. 3231–47, dated February 6, 1948, entitled Louise Zimmerli White, plaintiff, v. Douglas A. White, Sr., defendant, is hereby established in this Court and judgment is hereby entered for the plaintiff on said decree;

2. That the plaintiff have judgment against the defendant for $6,610 plus $375 attorney's fees as set forth in the subsequent orders of the United States District Court for the District of Columbia in said action, which orders are hereby established in this Court;

3. That the plaintiff have judgment against the defendant for $4,785 for alimony accruing from May 1, 1956 to date under the aforesaid orders;

4. That the plaintiff have judgment against the defendant for $400 for her attorney's fees for the institution and prosecution of this action on her behalf in this Court;

5. That the defendant, Douglas A. White, Sr., is hereby adjudged in contempt of this Court and in contempt of the judgment of this Court requiring the defendant to pay alimony to the plaintiff; that unless the defendant pay to the plaintiff or her attorney on or before March 15, 1959, the sum of $1,200, which shall be a partial payment on the judgment, he shall be confined to the Richland County Jail, Columbia, South Carolina, until such time as said amount has been paid by him; that the payment of said $1,200 shall not prevent the plaintiff from applying to this Court again with regard to the remaining delinquent alimony;

6. That unless the defendant shall pay to the plaintiff as alimony the sum of $50 per month beginning February 1, 1959 and until the further order of this

Court, he shall be subject to contempt proceedings in this Court upon application by the plaintiff.

7. That the plaintiff shall also have judgment for future installments of alimony due by the defendant according to the provisions of the decree of February 6, 1948, established in this Court.