Patrick J. Fogarty, J.
The petition seeks support for respondent’s wife and child who had come over and lived with respondent in New York, hut who have now returned to Italy where they reside. Bespondent, residing in New York, appears specially, contesting the jurisdiction of this court to entertain the petition.
Section 91 of the Domestic Delations Court Act of the City of New York, entitled “ Jurisdiction ”, provides: “ The family court shall have (1) Jurisdiction within the city to hear and determine all proceedings to compel the support of a wife, child ”.
Section 101, entitled “Legal liability for support ”, places the liability for such support in the first instance upon the husband, according to his means. Section 102 provides for punishment for failure to support. Section 103, entitled “ Besidential jurisdiction ”, reads in part as follows: “ 1. A husband * * * may be required to furnish support * * * as provided in the two preceding sections, if, (a) he * * * is residing or domiciled in the city at the time of the filing of the petition for support ”.
The foregoing sections evidence the statutory jurisdiction of this court to entertain the petition at bar, by reason of the respondent residing in New York City.
In “ Morgan ” v. “ Morgan ” (187 Misc. 714), under a similar State statute, jurisdiction was found to order means support on the petition of a nonresident wife with whom the minor child resided.
In “Almandares” v. “Almandares” (186 Misc. 667) this court found it had the power to continue its order for support after the wife left the State with the child.
“Buenos v. Buenos” (189 Misc. 262) involved the question of the power of this court, having once ordered support for *130 the wife and children, to continue the order after petitioner informed the court she had returned to Puerto Eico and intended to reside there permanently. Citing the “Morgan” case (supra), and Adams v. Adams (272 App. Div. 29), this court held that if respondent resides in New York, it had jurisdiction to entertain support order for nonresidents, in its discretion.
In Barclay v. Marston (204 Misc. 656, affd. without opinion 283 App. Div. 658) a means order for support of a child who resided in Illinois with mother was upheld.
In Landes v. Landes (1 N Y 2d 358) a wife who hadi been divorced and remarried and lived in California with her new husband, petitioned there for support of the child of the previous marriage, and, pursuant to the Uniform Reciprocal Enforcement of Support Act (L. 1949, ch. 807), enforcement of the California order was sought in New York. The Court of Appeals stated at page 365: “ Both at common law and by statute, New York has always treated a husband as absolutely responsible in keeping with his ability for the support of his dependent minor child or children (N. Y. City Dom. Rel. Ct. Act, § 101; Social Welfare Law, § 101) and there is no doubt whatever that neither a divorce or remarriage, nor the fact that the mother has legal custody of the child or children, terminates that liability (Laumeier v. Laumeier, 237 N. Y. 357, 364) and this may be enforced regardless of residence (Adams v. Adams, 272 App. Div. 29, 30).”
In “ Kaplan ” v. “ Kaplan ” (197 Misc 687) it was held that this court was not ousted of jurisdiction because the wife had moved to a foreign country (Mexico).
The motion contesting the court’s jurisdiction is denied and the matter is referred to the Clerk of the court for proceedings necessary to securing a hearing on the merits.