Sylvia VAN KOLKEN, formerly Sylvia Levy, Appellant,

v.

Sanford Lawrence LEVY, Appellee.

No. 49075.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 14, 1976.

Released for Publication By Order of Court of Appeals Jan. 19, 1977.

Stephen Jones, Jones & Gungoll, Enid, for appellant.

NEPTUNE, Judge.

On August 2, 1967, plaintiff (appellant) obtained a final judgment of divorce from defendant (appellee) in the State of California. Defendant was ordered to support the four sons of the marriage by paying $50 per child per month commencing February 1, 1967, and continuing until further order of the court.

In 1969 plaintiff and the children moved to Oklahoma where they presently live.

In August 1975 plaintiff brought this action in Oklahoma County District Court asking that court to recognize the California judgment and to provide a hearing on the issue of modifying the order relating to child support. She seeks an increase based on changed circumstances.

The petition alleges that defendant was yet a resident of California but that he was presently in Oklahoma and that he could be served personally within the State of Okla-homa. A certified copy of the California judgment was attached. The petition further asserted:

"[T]hat this Court has authority to review support, visitation and all matters concerning the well-being of the minor children involved herein; that the judgment of divorce should be entered of record in the State of Oklahoma and Plaintiff be allowed to present argument and proof with respect to modification of amount of support in that it is inadequate . . . and that the test of substantial change has been met."

An affidavit of service states that defendant was, on August 12, 1975, served an original summons and a copy of the petition and notice of hearing. The summons and notice are not included in the record.

By way of special appearance, defendant petitioned the court to vacate the registration of the California judgment and to find that the court is without jurisdiction to grant any relief under plaintiff's petition.

A hearing was ordered upon defendant's pleading. There the records ends. And correctly so because the designation of record directs that the instruments for the record on appeal are only these: (1) the petition and motion for modification; (2) the affidavit of service; and (3) the petition to vacate registration of foreign judgment and request for further relief. Clearly, no appealable order has been included in the record. Perhaps the appeal should have been dismissed on the appellate court's own motion.

But the Oklahoma Supreme Court has assigned the matter to this court for adjudication. Among the documents transmitted with the case is the supreme court's order of June 1, 1976, stating:

"On motion by appellant and upon unexcused default of answer brief this cause is ordered standing submitted for adjudication on the brief in chief by appellant."

Though appellant's brief in chief makes reference to the trial court judgment which held that the court was without jurisdiction and which dismissed the case, we think it is

not the intention of the supreme court to treat as unessential the inclusion in the record of an appealable order. For this reason, we have on our own motion obtained and added to the record the judgment rendered by the trial court. That order recites that defendant's petition "should be sustained for the reason that the Court is without jurisdiction to hear this matter and that the proper forum for a modification of the California Divorce Decree is in the California Court where the Decree was granted." Judgment was rendered accordingly, including dismissal of the case.

Plaintiff appeals urging that the finding of the trial court that it was without jurisdiction is contrary to law. The grounds and reasons stated in the petition in error are as follows:

"a. The California judgment was abstracted in compliance with the statutes of the State of Oklahoma.

"b. The due process requirements under the United States Constitution were complied with inasmuch as personal service was had on the Appellee while he was within the boundaries of the State of Oklahoma.

"c. Appellee did not question the validity of the California judgment of divorce.

"d. The minor children of the parties are residents of the State of Oklahoma.

"e. The California courts recognize and modify support obligations created by sister states."

■ Appellant's first proposition is that the "California judgment of divorce was made an Oklahoma judgment inasmuch as 12 O.S. § 299 was complied with." The contention that the judgment becomes an Oklahoma judgment merely because it has been pleaded cannot be sustained, but for the purposes of this appeal we may concede the existence of the California judgment.

■ Appellant's second proposition is:

"The Oklahoma court obtained jurisdiction over the defendant sufficient to render an in personam judgment against him."

Appellant argues that personal service was obtained which is the best basis for judicial jurisdiction over persons. The record does show that defendant had actual notice of the nature and objective of the proceedings and was offered an opportunity to be heard. We agree that this satisfies the due process of law requirements of the state and federal constitutions.

■ The critical issue is: Where a sister state's modifiable divorce decree set the amount of child support the father was to pay, and the children and the mother, as custodial parent, moved from the sister state and became residents of Oklahoma, does an Oklahoma court have jurisdiction in the mother's action alleging a substantial change of condition to establish and enforce a support order differing from that set in the sister state decree?

We find no Oklahoma authorities bearing upon this issue. However, there are a number of states which have resolved the question.

In *Sampsell v. Superior Court*, 32 Cal.2d 763, 197 P.2d 739 (1948) it is stated:

"In the interest of the child, there is no reason why the state where the child is actually living may not have jurisdiction to act to protect the child's welfare, and there is likewise no reason why other states should not also have jurisdiction."

Mr. Justice Cardozo in *Finlay v. Finlay*, 240 N.Y. 429, 148 N.E. 624 (1925) held:

"The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless."

The California court in *Sampsell* held:

"If the decrees of California courts with respect to child custody are subject to modification or annulment in this state, they are likewise subject to modification or annulment in any state having jurisdiction over the subject matter, for such a decree 'has no constitutional claim to a more conclusive or final effect in the

State of the forum than it has in the State where rendered.'"

*Starr v. Starr,* 121 Cal.App.2d 633, 263 P.2d 675 (1953) holds that a decree concerning custody and support of divorced parents' minor child, if subject to modification, may be modified in any state having jurisdiction over the subject matter, including the state of the child's residence, because the decree has no constitutional claim to more conclusive or final effect in the state of the forum than in the state where rendered.

Other states have affirmed their willingness to undertake prospective modification of alimony and support obligations created in sister-state decrees. See *Blauvelt v. Blauvelt,* 199 Ark. 710, 136 S.W.2d 201 (1940); *Lopez v. Avery,* Fla., 66 So.2d 689 (1953); *Sackler v. Sackler,* Fla., 47 So.2d 292 (1950); *Durfee v. Durfee,* 293 Mass. 472, 200 N.E. 395 (1936); *Turnage v. Tyler,* 183 Miss. 318, 184 So. 52 (1938); *Robison v. Robison,* 9 N.J. 288, 88 A.2d 202 (1952), cert. denied, 344 U.S. 829, 73 S.Ct. 33, 97 L.Ed. 645 (1952); *Johnson v. Johnson,* 196 S.C. 474, 13 S.E.2d 593 (1941). See also *Anonymous v. Anonymous,* 204 Misc. 656, 123 N.Y. S.2d 196 (1953), aff'd mem. sub nom. *Barclay v. Marston,* 283 App.Div. 659, 127 N.Y. S.2d 843 (1954).

California authorizes its courts to modify or revoke a prior award of child support. Cal. Civil Code § 4700(a), as amended 1972. The California decree, to be given full faith and credit in this state, must be treated as one that is modifiable. We think the authorities from other jurisdictions persuasive and therefore hold that the Oklahoma trial court has jurisdiction to inquire into the propriety of modification and to make determination of the issue of support for the children who are residents of Oklahoma.

Reversed and remanded for further proceedings.

BACON, P. J., concurs.